IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MARFORK COAL COMPANY, INC., a**
**West Virginia corporation,**

    Plaintiff,

v.

                                                                         CIVIL ACTION NO. 5:10-0069

**DAVID AARON SMITH, AMBER NITCHMAN,**
**ERIC BLEVINS, JOSHUA FRANCISCO GRAUPERA**
**and ISABELLE ROZENDAAL,**

    Defendants.

### VERIFIED COMPLAINT

Plaintiff Marfork Coal Company, Inc. ("Marfork" or "Plaintiff"), by and through its undersigned counsel, hereby states as follows for its Complaint against the above-named defendants ("Defendants") in this matter:

### PARTIES

1.    Marfork, a corporation organized and existing under the laws of the State of West Virginia, is engaged in the production and sale of coal.

2.    Defendant David Aaron Smith is, upon information and belief, a resident of Baton Rouge or Gonzales, Louisiana.

3.    Defendant Amber Nitchman is, upon information and belief, a resident of Lancaster, Pennsylvania.

4.    Defendant Eric Blevins is, upon information and belief, a resident of Lebanon or Grandview, Tennessee.

5.    Defendant Joshua Francisco Graupera is, upon information and belief, a resident of Lancaster or Philadelphia, Pennsylvania.

6. Defendant Isabelle Rozendaal is, upon information and belief, a resident of Oberlin, Ohio or Chicago, Illinois.

## JURISDICTION

7. There is diversity of citizenship in accordance with the requirements of 29 U.S.C. §1332 because Defendants are not residents of the State of West Virginia and Marfork is a resident of West Virginia.

8. The amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs.

9. This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity among the parties to this civil action and the amount in controversy exceeds $75,000.

## VENUE

10. Venue is proper under 28 U.S.C. §1391 because the acts complained of in the Complaint occurred in Raleigh County, West Virginia.

## FACTS

11. The instant Complaint arises from Defendants' unlawful trespass upon Marfork's Beetree Surface Mine.

12. The Beetree Surface Mine is located on Coal River Mountain in Raleigh County, West Virginia.

13. By Deed of Lease dated January 1, 1958, Western Pocahontas Corporation, the owner of the Beetree Surface Mine property, leased all coal mining rights for such property to Truax-Traer Coal Company. By various amendments, supplements and assignments, said lease and mining rights were vested in Black King Mine Development Co. ("Black King") by

Assignment of Deed of Lease between Primeacre Land Corporation and Black King dated August 12, 1992.

14. By Agreement of Sublease dated August 1, 1994, as thereafter amended, Black King leased the mining rights for the Beetree Surface Mine property to Marfork. Marfork obtained the mining permits and conducts the mining operations on this property.

15. Notably, Black King and Marfork are corporate subsidiary entities owned by A.T. Massey Coal Company, Inc. ("A.T. Massey"), which is owned by Massey Energy Company ("Massey Energy").

16. At the Beetree Surface Mine, Marfork engages in, among other lawful activities, the use of explosives to blast rock and coal, as well as the removal of rock and coal using large pieces of mechanized equipment, including but not limited to rock trucks, excavators, and bulldozers. The Beetree Surface Mine also contains a network of mine pits and haul roads upon which this equipment travels and is used by mine personnel.

17. In compliance with state and federal mining rules and regulations, Marfork provides all mining personnel operating at the Beetree Surface Mine with the legally mandated safety training and equipment to ensure the safe performance of coal mining activities.

18. All access roads onto the Beetree Surface Mine property have locked gates (and, in some instances, access to the Beetree Surface Mine property is through other mining properties operated by other corporate entities affiliated with A.T. Massey and Massey Energy) and are manned by security personnel. Security personnel ensure that all visitors to the Beetree Surface Mine are aware of the safety rules and regulations, including safety guidelines for blasting. Signage around the Beetree Surface Mine and surrounding mining properties identify the site as private property and prohibit trespassing.

19. On January 21, 2010, Defendants Smith, Nitchman, Blevins, Graupera and Rozendaal entered the Beetree Surface Mine without authority and without the consent and/or permission of Marfork or anyone authorized to provide such consent and/or permission.

20. Defendants Smith, Nitchman, Blevins, Graupera and Rozendaal knowingly, intentionally, unlawfully, and without the consent or permission of Marfork, trespassed on the Beetree Surface Mine.

21. Marfork personnel informed Defendants Smith, Nitchman, Blevins, Graupera and Rozendaal that they were trespassing on privately owned property and told Defendants to vacate the premises.

22. Despite requests made by Marfork personnel that Defendants vacate the Beetree Surface Mine property, Defendants refused to comply.

23. Later on January 21, 2010, the West Virginia State Police arrested Defendants Graupera and Roendaal and removed them from the Beetree Surface Mine property. Defendants Smith, Nitchman and Blevins, however, climbed trees to evade Marfork's security personnel and the State Police and thereby remained, and still remain, on the property. Defendants Smith, Nitchman and Blevins continue to refuse orders to leave the premises. As of the afternoon of January 25, 2010, one of the three Defendants has come down out of the tree and has been taken into custody by the State Police and escorted from the property.

24. Defendants Smith, Nitchman, Blevins, Graupera and Rozendaal are members of or affiliated with environmentalist groups Climate Ground Zero, Mountain Justice and/or other environmental groups which, though their membership, and through Defendants themselves and others acting in concert and participating with them, advocate the abolition of mountaintop mining and oppose such mining by corporate entities affiliated with A.T. Massey and Massey Energy.

4

25. Upon information and belief, Defendants' intentional and unlawful activities of January 21, 2010, and continuing thereafter, have been orchestrated by themselves and others acting in concert and participating with them so as to be photographed and videotaped so that recordings and/or images can be published and/or uploaded to various websites, including but not limited to the Climate Ground Zero website (www.climategroundzero.org) and the Mountain Justice website (www.mountainjustice.org).

26. Upon information and belief, by publicizing their intentional and unlawful trespass on the Beetree Surface Mine, Defendants hope to raise support for their purported cause – the abolition of mountaintop mining (even though Marfork's Beetree Surface Mine operation is not engaged in mountaintop mining) – and hope to encourage third parties to engage in similar unsafe, disruptive and unlawful activities on privately owned mine properties affiliated with A.T. Massey and Massey Energy.

27. By knowingly, intentionally, and unlawfully entering onto the Beetree Surface Mine property without consent or permission, Defendants have and will continue to put themselves and others, including employees and contract personnel of Marfork, in danger.

28. By knowingly, intentionally, and unlawfully entering onto the Beetree Surface Mine property without consent or permission, Defendants have and will continue to deprive Marfork of the exclusive possession of the Beetree Surface Mine property and will substantially, unreasonably, and unlawfully interfere with Marfork's beneficial use of the property, to-wit, the mining of coal.

29. If the knowing, intentional, and unlawful entry of Defendants onto the Beetree Surface Mine and other illegal activities of Defendants pled herein continue, such activities will impact Marfork's ability to engage in its business operations and its permitted coal mining activities and, among other things, cause Marfork to suffer damages in excess of $75,000.

30. If the knowing, intentional, and unlawful entry of Defendants onto the Beetree Surface Mine property and other illegal activities of Defendants pled herein continue, then such activities shall continue to place Defendants, as well as Marfork's personnel and contract personnel, at substantial risk for severe physical injury or death; force Marfork's personnel and contract personnel to focus on the possibility of other random acts in various and random areas on the Beetree Surface Mine, creating operational safety problems, the risk of which is significant; and interfere with Marfork's coal production operations at the Beetree Surface Mine, thereby causing irreparable economic harm incapable of calculation or reparation through an award of damages.

31. Marfork has suffered irreparable harm and injury as a consequence of the knowing, intentional, and unlawful entry of Defendants onto the Beetree Surface Mine and other illegal activities of Defendants pled herein, and unless such activities are enjoined by this Court, Marfork will continue to sustain substantial and irreparable harm due to the conduct of Defendants and those acting in concert or participating with them.

32. If restrained or enjoined from their tortious and unlawful activities, Defendants will suffer no irreparable harm – indeed, they will suffer no harm at all.

33. Marfork will succeed on the merits of its Complaint, making imposition of injunctive relief appropriate in this case. In fact, Defendants have no defense. Upon information and belief, these Defendants and others acting in concert and participating with them, have announced and pledged that they are trespassing and will continue to trespass.

34. Greater injury and harm will be sustained by Marfork as a consequence of the denial of injunctive relief than will be imposed upon Defendants through the granting of such injunctive relief to Marfork.

35. Injunctive relief is also appropriate in this case because, upon information and belief, Defendants and others acting in concert and participating with them have represented that they will continue to intentionally and unlawfully come onto the Beetree Surface Mine, and other A.T. Massy and Massey Energy affiliated properties, until all mountaintop mining operations cease (even though Marfork's Beetree Surface Mine operation is not engaged in mountaintop mining).

36. Injunctive relief would benefit the public interest.

37. The acts of Defendants alleged herein were knowing, intentional, reckless, willful and wanton, and further were undertaken with malice, with the express purpose of damaging and harming Marfork's lawful business activities.

## **COUNT I – TRESPASS**

38. Marfork adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint as if fully set forth herein.

39. Marfork is, and at all relevant times complained of herein has been, in lawful possession of and has the right to use the Beetree Surface Mine located on Coal River Mountain in Raleigh, West Virginia for its own benefit.

40. At all times complained of herein, Defendants have entered onto the Beetree Surface Mine knowing that said property is private property in the lawful possession of Marfork.

41. At all times complained of herein, Defendants' knowing, intentional, and unlawful entry onto the Beetree Surface Mine property was without the permission and consent of Marfork or any other entity or person who could grant such permission, and Defendants knowingly, intentionally, and unlawfully refused to leave the premises when ordered to do so, with certain Defendants knowingly, intentionally and unlawfully remaining in the trees despite repeated requests to leave the property.

42.     Through their knowing, intentional, and unlawful entry onto the Beetree Surface Mine property, and certain Defendants remaining thereon, Defendants have proximately caused Marfork to suffer damage and irreparable injury by trespassing and depriving Marfork of the exclusive use and possession of the property, including mining and coal production operations, resulting in damages that are incapable of calculation or compensation by monetary damages, and placing Defendants, as well as Marfork's employees and contract personnel, at substantial risk of severe physical injury or death.

43.     Absent injunctive relief from this Court, Defendants' knowing, intentional, and unlawful physical entry and trespass onto the Beetree Surface Mine property will continue, and thereby continue to cause damages and irreparable harm to Marfork.

## COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

44.     Marfork adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint as if fully set forth herein.

45.     Marfork is engaged in the business of producing and selling coal.

46.     Marfork has existing contracts with third parties for the sale of coal and otherwise is in the business of marketing and selling coal to other buyers.

47.     At all times complained of herein, Defendants desired to interfere with and/or knew that interference with Marfork's performance of their contractual duties and obligations was certain or substantially certain to occur as a result of Defendants' actions.

48.     At all times complained of herein, Defendants knowingly, intentionally, and improperly interfered with Marfork's performance of its contractual duties and obligations by trespassing on the Beetree Surface Mine property and by preventing and attempting to prevent Marfork from engaging in the production of coal for sale.

49. At all times complained of herein, Defendants knowingly, intentionally, and improperly interfered with Marfork's performance of its contractual duties and obligations by trespassing on the Beetree Surface Mine property and interfering with Marfork's coal production activities, thereby causing Marfork to attempt to perform its contractual duties and obligations with third parties at increased cost and substantial burden.

50. As a result of Defendants' knowing, intentional, and improper interference with Marfork's performance of its contractual duties and obligations, as well as Marfork's prospective business relationships, Defendants have proximately caused Marfork damages and irreparable harm.

51. Absent injunctive relief from this Court, Defendants' knowing, intentional, and unlawful physical entry and tresspass onto the Beetree Surface Mine property and interference with Marfork's coal production activities being conducted thereon will continue, and thereby continue to cause damages and irreparable harm to Marfork.

## **COUNT III – CIVIL CONSPIRACY**

52. Marfork adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint as if set forth herein.

53. At all times complained of herein, Defendants, as a combination of two or more persons, agreed to participate, jointly, in the unlawful, tortious and reckless activities of January 21, 2010, and thereafter, occurring at Marfork's Beetree Surface Mine property in Raleigh County, West Virginia.

54. At all times complained of herein, Defendants, through concerted action and to the injury of Marfork, accomplished unlawful purposes – to-wit:

    (a) the tortious and criminal trespass upon Marfork's Beetree Surface Mine property in Raleigh County, West Virginia;

(b) the tortious and criminal interference with Marfork's exclusive possession and use of the Beetree Surface Mine property;

(c) the tortious interference with Marfork's coal production operations being conducted on the Beetree Surface Mine property; and

(d) the tortious interference with Marfork's business relationships and prospective business relationships.

55. At all times complained of herein, Defendants, through concerted action and to the injury of Marfork, accomplished their purpose of drawing attention to and/or otherwise expressing their personal opposition to mountaintop mining through unlawful means – to-wit:

(a) the tortious and criminal trespass upon Marfork's Beetree Surface Mine property in Raleigh County, West Virginia;

(b) unlawfully exposing themselves and Marfork's employees and contract employees to substantial risk of severe physical injury and/or death;

(c) the tortious and reckless interference with Marfork's mining equipment and coal production operations; and

(d) the tortious and reckless interference with Marfork's business and prospective business relationships.

56. As a proximate result of the concerted, unlawful, and tortious actions of the above-named Defendants, Marfork has suffered, and will continue to suffer, damages and irreparable harm.

## PRAYER FOR RELIEF

Marfork prays that this Court restrain and forever enjoin Defendants, and also their officers, agents, servants, employees and attorneys, and those persons who act in active concert

or participation with Defendants (and their officers, agents, servants, employees and attorneys), who receive actual notice of such Order, from:

  (a) Trespassing or otherwise congregating on any of the mining properties of corporate entities affiliated with A.T. Massey and Massey Energy, including but not limited to the Marfork's Beetree Surface Mine property in Raleigh County, West Virginia; and

  (b) Interfering, obstructing, blocking, impeding or tampering with any coal operating equipment, trucks or other vehicles of any of the corporate entities affiliated with A.T. Massey and Massey Energy, including but not limited to Marfork, no matter where such equipment, trucks or other vehicle may be located.

Marfork further requests that:

  (a) Compensatory damages in excess of $75,000 be awarded to Marfork for the losses it has suffered and any further or additional damages caused by Defendants' past and future acts;

  (b) Marfork be awarded its costs expended in this case, interest upon damages it has sustained, and its reasonable attorneys' fees, expenses and costs of prosecuting this action;

  (c) Punitive damages be awarded to Marfork for Defendants' intentional, reckless, willful and wanton conduct; and

  (d) The Court grant Marfork such other and further relief as the Court may deem fit and proper.

Marfork demands a trial by jury with respect to its claims at law.

        **MARFORK COAL COMPANY, INC.,**

        **BY: SPILMAN THOMAS & BATTLE, PLLC**

        */s/ Samuel M. Brock III*
        Samuel M. Brock III (WV Bar No. 9216)
        Andrew B. McCallister (WV Bar No. 10026)
        300 Kanawha Boulevard, East (Zip 25301)

P.O. Box 273
Charleston, WV 25321-0273
Tel: 304.340.3800
Fax: 304.340.3801

12