IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MARFORK COAL COMPANY,

                Plaintiff,

v.                                               CIVIL ACTION NO. 5:10-cv-00069

DAVID AARON SMITH, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Marfork Coal Company, brings this diversity action against David Aaron Smith, Amber Nitchman, Eric Blevins, Joshua Francisco Graupera, and Isabelle Rozendaal (collectively, "Defendants") to challenge Defendants' unlawful trespass upon the Beetree Surface Mine property located in Raleigh County, West Virginia.

Pending for consideration by the undersigned United States District Judge is Plaintiff's Motion for Temporary Restraining Order ("Plaintiff's Motion") (Document No. 4).[1] Upon consideration of the motion, the memorandum in support thereof, the evidence adduced at the evidentiary hearing on the motion and the entire record herein, the undersigned **GRANTS IN PART** Plaintiff's Motion For a Temporary Restraining Order.

---

[1] Plaintiff styled the instant motion to seek both a temporary restraining order and a preliminary injunction. *See* Plaintiff's Motion For A Temporary Restraining Order and a Preliminary Injunction. The ruling herein is limited to the motion for a temporary restraining order.

Marfork Coal Company, Inc. v. Smith, et al.

**BACKGROUND**

Plaintiff, a West Virginia corporation "engaged in the production and sale of coal" alleges in its complaint that it is a "corporate subsidiary entit[y] of A.T. Massey Coal Company, Inc., ("A.T. Massey") which is owned by Massey Energy Company. (Complaint, ¶¶ 1, 15). Plaintiff also alleges that the five named Defendants are all out-of-state residents (*id*. ¶¶ 2-6). Plaintiff contends that Defendants entered upon its property at the Beetree Surface Mine without authorization and consent on January 21, 2010 (*id*, ¶19); that the Beetree Surface Mine uses "explosives to blast rock and coal," (*id*, ¶16), as a precursor to coal removal in this area; that Defendants refused to vacate the Beetree Surface Mine despite requests made by Plaintiff to do so (*id*. ¶21-22); that Defendants Smith, Nitchman, and Blevins climbed trees near the active mine blasting area to evade Plaintiff's security personnel and West Virginia State Police (*id*. ¶23); and that Defendants Smith, Nitchman and Blevins established a platform to allow them to remain in the trees on Beetree Surface Mine property. (*Id.*)  Plaintiff alleges that Defendants "are members of or are affiliated with environmentalist groups" that "hope to raise support for their purported cause – the abolition of mountaintop mining . . . and . . . to encourage third parties to engage in similar unsafe, disruptive and unlawful activities on privately owned mine properties[.]" (*Id*. ¶¶24, 26.)

Plaintiff alleges, *inter alia*, that "Defendants have and will continue to deprive Marfork of the exclusive possession of the Beetree Surface Mine property and will substantially, unreasonably, and unlawfully interfere with Marfork's beneficial use of the property." (Complaint, ¶ 28.) Plaintiff further alleges that Defendants Graupera and Rozendaal were arrested by West Virginia State Police and removed from the Beetree Surface Mine property on January 21, 2010 (*Id*.).  Defendant Smith

Marfork Coal Company, Inc. v. Smith, et al.

exited the tree and was subsequently arrested and removed from the property by the West Virginia State police on January 25, 2010. (*Id.*). However, Defendants Nitchman and Blevins remain positioned in trees on the property. In its Complaint, Plaintiff asserts the following three claims against the individually named Defendants: (1) trespass; (2) tortious interference with business relations and (3) civil conspiracy. (*Id.* ¶¶ 38-56).

**PLAINTIFF'S MOTION**

Subsequent to the filing of its Complaint, Plaintiff filed the instant motion, pursuant to Rule 65 of the Federal Rules of Civil Procedure, contending that Defendants' unlawful actions should be restrained and enjoined. Plaintiff further contends that Defendants have trespassed, and some continue to trespass, upon the Beetree Surface Mine property and that they have no legal defense for such trespass; that absent injunctive relief Plaintiff will suffer immediate and irreparable injury, damage and loss; that Defendants will not be harmed by entry of such injunctive relief and that the public interests weigh in favor of injunctive relief.

Plaintiff seeks a temporary retraining order and permanent injunction restraining, *inter alia* "Defendants and their officers, agents, servants, employees and attorneys, and those other persons who are in active concert or participation with Defendants . . . who receive actual notice of such order . . . from: (a) trespassing or otherwise congregating on any of the mining properties of corporate entities affiliated with A.T. Massey and Massey Energy . . . (b) interfering, obstructing, blocking, impeding or tampering with any coal operating equipment, trucks or other vehicles of any of the corporate entities affiliated with A.T. Massey and Massey Energy, including but not limited to Marfork[.]" (Plaintiff's Motion for Temporary Restraining Order and a Preliminary Injunction

Marfork Coal Company, Inc. v. Smith, et al.

("Plaintiff's Motion") (Document No. 4) at 2-3). Additionally, Plaintiff seeks an Order to "empower and authorize federal, state and local law enforcement authorities to enforce such Order" and to "seize and preserve . . . as evidence all cameras . . . and any other recording devices and/or equipment in the possession of . . . any such trespasser." (Plaintiff's Motion at 3-4). Plaintiff also seeks an order providing for a finding of contempt for future violations of any issued order and the imposition of a civil penalty of $5,000 per contemner per violation of such order. (*Id*. at 4).[2]

**HEARING ON PLAINTIFFS'S MOTION FOR TEMPORARY RESTRAINING ORDER**

The undersigned scheduled a hearing on Plaintiff's motion on January 26, 2010, at which time counsel for Plaintiff appeared, however, none of the individual Defendants or counsel on their behalf appeared at the hearing. The undersigned notes that shortly after the Court scheduled this hearing, Plaintiff's counsel filed a certification that it forwarded notice of the scheduled hearing to the out-of-state address of the Defendants. (*See* Notice of Hearing on Motion for Temporary Restraining Order (Document No. 7)). Plaintiff's counsel also advised that attempts were made to call the Defendants and to effect personal service on each Defendant. (*Id*.).

On January 26, 2010, during the hearing on the instant motion, Plaintiff largely reiterated the arguments advanced in its written submissions. Plaintiff also elicited the testimony of Michael Bays, Director of Security of Marfork Coal Company, Inc. Mr. Bays testified with respect to the Defendant's entry upon the Beetree Surface Mine property on January 21, 2010; efforts made by

---

[2] On January 25, 2010, Plaintiff certified that it served a copy of its motion and supporting memorandum on various out-of-state addresses for each of the named Defendants. *See* Certificate of Service (Docket No. 6); *see also* Certification of Plaintiff's Efforts to Give Defendants Notice of the Hearing on Plaintiffs' Motion For a Temporary Restraining Order (Document No. 10).

Marfork Coal Company, Inc. v. Smith, et al.

Plaintiff's employees and the West Virginia State Police to remove Defendants from the private property; Plaintiff's efforts to prevent injury to the Defendants and its employees; the arrests of three of the named Defendants; how Defendants' actions have impeded Plaintiff's business operations; the nature of various protester demonstrations on Plaintiff's property and the nature of Defendants Blevins and Nitchman's continuous trespass on Beetree Surface Mine.

**DISCUSSION**

*Notice requirement for a Temporary Restraining Order*

A temporary restraining order may be issued without written or oral notice to the adverse party or that party's attorney only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should be required.

Fed.R.Civ.P. 65(b). As will be articulated below, the undersigned finds that Plaintiff has shown in its verified Complaint and the evidence adduced at the hearing on this motion that immediate and irreparable injury, loss or damage will result before that adverse party can be heard in opposition. The undersigned further finds that Plaintiff has also adequately demonstrated its efforts to personally serve each of the Defendants. Counsel for Plaintiff stated that Defendant Smith was personally served with notice of the hearing at the Southern Regional Jail and that Defendants Blevins[3] and

---

[3] Plaintiff alleges that in an attempt to reach Defendant Smith a telephone call was placed to a mobile number identified for Defendant Smith, but that a man who identified himself as Defendant Blevins answered the

(continued...)

5

Marfork Coal Company, Inc. v. Smith, et al.

Nitchman, who remain in the trees on the Beetree Surface Mine property, refused service. Plaintiff alleges that the content of the notice of the hearing was read aloud to Defendants Blevins and Nitchman and that a written copy of the notice was placed at the bottom of the tree. With respect to Defendants Graupera and Rozendaal, Plaintiff advised that notice of the hearing was mailed to their respective out-of-state residences and that detailed voicemail messages were left at identified telephone numbers. Thus, the undersigned finds that Defendants Smith, Blevins and Nitchman were provided with notice of the hearing and that Plaintiff's efforts to serve Defendants Graupera and Rozendaal were adequate to comply with the stricters of Rule 65(b) of the Federal Rules of Civil Procedure.

*Standard for Temporary Restraining Order*

A temporary restraining order ("TRO"), like the preliminary injunction, is an "extraordinary remedy" that should be issued "sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorala, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991)). The Fourth Circuit recently replaced the long-standing analytical framework employed in *Blackwelder Furniture Co. of Statesville v. Selig Mfg. Co.*, 550 F.2d 189 (4th Cir. 2001), for determining whether to grant preliminary injunctive relief, with the test recently articulated by the Supreme Court in *Winter v. Natural Res. Def. Council, Inc.*, - - U.S. - -, 129 S.Ct. 365, 374-76 (2008). (*See The Real Truth About Obama v. Fed. Election Comm'n*, 575

---

[3](...continued)
call. Defendant Blevins was then informed of the hearing. See Certification of Plaintiff's Efforts to Give Defendants Notice of the Hearing on Plaintiffs' Motion For a Temporary Restraining Order (Document No. 10) at 4.

6

Marfork Coal Company, Inc. v. Smith, et al.

F.3d 342, 347 (4th Cir. 2009), ("Because of its differences with the *Winter* test, the *Blackwelder* balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit, as the standard articulated in Winter governs the issuance of preliminary injunctions . . . in all federal courts."). Thus, the four relevant factors for determining whether to issue a TRO are: (1) that the Plaintiff is likely to succeed on the merits; (2) that the Plaintiff is likely to suffer irreparable harm in the absence of injunctive relief; (3) that the balance of the equities tips in the Plaintiff's favor; and (4) that an injunction would be in the public interest. *Real Talk*, 575 F.3d at 346-47 (citing *Winter*, 129 S.Ct. at 374). The undersigned finds that Plaintiff has sufficiently demonstrated that a temporary restraining order is warranted.

*Analysis of TRO Requirements*

With respect to the first factor–Plaintiff's likelihood to succeed on the merits–the undersigned finds that Plaintiff has proffered evidence sufficient to succeed on, at worst, two of the its asserted claims. Plaintiff, on January 25, 2010, filed a verified complaint in which it alleges that Defendants are liable for (1) trespassing, (2) tortious interference with business relationships and (3) civil conspiracy. It is beyond dispute that on January 21, 2010, Defendants entered unlawfully upon and some continue to trespass upon the Mine Property. Plaintiff's Director of Security, Michael Bays, testified with respect to Defendant's entry and current location on the Mine property. He further stated that all operations on Beetree Surface Mine has ceased to prevent injury to Defendants and Plaintiff's employees. Further, Defendants' actions are documented on at least two environmentalist websites (*see* Plaintiff's Motion Hearing Exhibits 2-3) which specifically identify the three Defendants that climbed trees on the Mine property. Moreover, Defendants Blevins and

Marfork Coal Company, Inc. v. Smith, et al.

Nitchman continue to refuse to vacate the property. Thus, the undersigned finds that the proffered evidence supports that Plaintiff has a likelihood of succeeding on the merits of its claims.

In consideration of the second factor–that the Plaintiff is likely to suffer irreparable harm in the absence of injunctive relief– Plaintiff contends that Defendants' actions have interfered and will continue to interfere with its exclusive use and possession of the Beetree Surface Mine property and that the Defendants have posed risk of severe physical injury and death to its employees and contract personnel. Plaintiff argues that its irreparable injury is borne out of the fact that legal remedies are inadequate in that Defendants are not "deterred by the imposition of a monetary fine or the prospect of serving a jail sentence for criminal conduct, but will continue to trespass on mining properties operated by Marfork and other entities affiliated with A.T. Massey and Massey Energy." (Plaintiff's Memorandum in Support of Plaintiff's Motion For a Temporary Restraining Order And a Preliminary Injunction ("Plaintiff's Memo.") (Plaintiff's Memo. at 8)). Plaintiff notes that Defendant Blevins, who remains positioned in the tree, was arrested on Marfork property on May 23, 2009. Plaintiff argues that to bring a new legal action for each subsequent trespass or to await criminal prosecution would not make Plaintiff whole or deter Defendants. Additionally, at the hearing, Mr. Bays testified that blasting was scheduled to occur at the Beetree Surface Mine, but due to the presence of Defendants all operation activity has ceased. Mr. Bays stated that in order to prevent injury to the Defendants and its employees, Plaintiff ceased work, constructed access roads and fencing, and re-directed employees to provide security in the area occupied by Defendants. Mr. Bays asserted that Plaintiff can not work on the Mine property as long as Defendants are there. It is clear that Defendants' actions have interfered and continue to interfere with the property owner's

Marfork Coal Company, Inc. v. Smith, et al.

right to the exclusive use of the property. Thus, the undersigned finds that Plaintiff has demonstrated that it has suffered and will continue to suffer irreparable harm in the absence of injunctive relief.

Moreover, the undersigned finds that Plaintiff easily satisfies the third factor–that the balance of the equities tips in the Plaintiff's favor. Plaintiff argues that the relief it seeks tips in its favor because "Defendants will not be–and cannot be—harmed by entry of a temporary restraining order or subsequent preliminary injunction until a trial on the merits of Marfork's claims." (Plaintiff's Memo at 9). Plaintiff contends that Defendants would only be restrained from conduct which is both tortious and criminal and that this relief would not inhibit Defendants from advocating their cause in a lawful manner on properties that are not affiliated with Plaintiff or its corporate entities. Plaintiff's evidence supports its assertion that Defendants entered upon the Beetree Surface Mine property without consent or authorization and that two of the named Defendants continue to remain on the property despite requests by Marfork security to leave. The undersigned finds that there are no equities which weigh in favor of the Defendants. Put simply, Defendant's actions are unlawful. Defendants do not have any legally recognizable right to be on the Beetree Surface mine property. Even if the assumes that Defendants have the right to call attention to any political or environmental cause, they have no right to unlawfully trespass upon the surface mine property. Whereas, Plaintiff, in this instance, has a right to the enjoyment of the exclusive use of the surface mine property.

The final factor that a movant must satisfy is a showing that an injunction would be in the interest of the public. As an initial matter, the public has an interest in ensuring that laws are followed. Defendants clearly have entered upon and continue to remain on the premises of Beetree Surface mine property unlawfully. Mr. Bays testified that Defendants have been asked to vacate the

Marfork Coal Company, Inc. v. Smith, et al.

premises at least once a day since January 21, 2010. Defendants Blevins and Nitchman have refused to do so. Additionally, the public has an interest in ensuring that property owners enjoy the exclusive use of their property. Plaintiff, in this instance are being precluded from continuing its business of mining for coal at the Beetree Surface mine due to the Defendants' presence. Thus, the undersigned finds that Plaintiff can handily demonstrate the public's interest in enjoining Defendants from continuing to trespass on its property.

**CONCLUSION**

The undersigned finds that Plaintiff is entitled to the issuance of a temporary restraining order. However, the Court will not fashion an order that is broader than that which is required.[4] Thus, Plaintiff's Motion For a Temporary Restraining Order (Document No. 4) is **GRANTED IN PART**. Said order will be filed contemporaneously with the instant opinion.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:  January 27, 2010

                *Irene C. Berger*
                IRENE C. BERGER, JUDGE
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF WEST VIRGINIA

---

[4] Thus, Plaintiff's request for an order that specifically "empower[s] and authorize[s] federal, state and local law enforcement authorities" to take the requested action is not warranted at this time.