**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

MARFORK COAL COMPANY,

                Plaintiff,

v.                                       CIVIL ACTION NO.  5:10-cv-00069

DAVID AARON SMITH, et al.,

                Defendants.

**ORDER GRANTING**
**<u>TEMPORARY RESTRAINING ORDER</u>**

On January 25, 2010, Plaintiff Marfork Coal Company, Inc. ("Marfork"), by counsel, came and presented to the Court its Verified Complaint against the above-named Defendants, together with evidence filed in support thereof, and thereupon Plaintiff moved the Court to enter forthwith a Temporary Restraining Order as prayed for in said Complaint.  Upon consideration of the motion, the memorandum in support thereof, the evidence adduced at the evidentiary hearing on the motion and the entire record herein, the Court does **FIND**, that for reasons deemed sufficient by the Court, notice to the Defendants of the application of Plaintiff for such temporary relief was sufficient under the circumstances, that Plaintiff is entitled to a Temporary Restraining Order as set forth herein.

Based upon the Court's ruling on January 27, 2010, the Court makes the following findings:

1.      That the Beetree Surface Mine ("Beetree Surface Mine") is located in Raleigh County, West Virginia.

Marfork Coal Company, Inc. v. Smith, et al.

2.      That Marfork possesses certain legal interests in the surface rights of the Beetree Surface Mine property, including the rights of possession and use of the property.

3.      That, on January 21, 2010, Defendants and persons in active concert or participation with them unlawfully trespassed upon the Beetree Surface Mine property and thereby knowingly, intentionally and unlawfully interfered with mining operations being conducted thereon, by, among other things:

(a)      knowingly, intentionally, and unlawfully entering the Beetree Surface Mine property without consent or permission;

(b)      trespassing on the Beetree Surface Mine property on and around areas where Marfork is engaged in the production of coal for sale and, thereby, exposed themselves and Marfork's employees and contract personnel to a substantial risk of severe physical injury and/or death;

(c)      continuing to trespass on the Beetee Surface Mine property after having been asked to leave the property by representatives of Marfork; and

(d)      as to three of the defendants, David Aaron Smith, Amber Nitchman, and Eric Blevins, evading arrest by climbing into and occupying trees on the Beetree Surface Mine property and refusing to leave the property even at the direction of the West Virginia State Police.

4.      That, on January 21, 2010, wherein Defendants knowingly, intentionally, and unlawfully came onto the Beetree Surface Mine property, despite requests by Marfork's employees that said Defendants (i) cease and desist their unlawful conduct and (ii) leave the property, Defendants refused to leave.  Defendants David Aaron Smith, Amber Nitchman, and Eric Blevins,

Marfork Coal Company, Inc. v. Smith, et al.

instead continued to occupy trees on Marfork's property. Defendants Joshua Graupera and Isabelle Rozendaal remained on the ground under the trees and then were arrested by the West Virginia State Police and charged with trespassing and conspiracy. Since that time, one of the three (Defendant David Aaron Smith) has come down from the trees and has been taken into custody.

5. That Defendants and persons in active concert or participation with them have engaged in conduct by trespassing onto the Beetree Surface Mine property, in which Marfork has a recognized legal interest, thereby proximately causing and threatening to further proximately cause Marfork irreparable harm and endanger the safety and well being of the properties at issue, as well as the safety of Marfork's employees and contract personnel and of Defendants themselves.

6. That Defendants and persons in active concert or participation with them have undertaken and expressed their intent to continue to undertake actions that pose a threat to the public safety, the safety of Marfork's employees and contract personnel and Defendants' own safety.

7. That Defendants and persons in active concert or participation with them have interfered with Marfork's right of exclusive possession and use of the Beetree Surface Mine property through Defendants' trespass thereon and interruption with the coal production activities being conducted therein, and thereby caused irreparable harm to Plaintiff's respective business relationships.

8. That the harm and damage to the Beetree Surface Mine property and Marfork's legally recognized interests therein are irreparable and incapable of determination or calculation with any precision.

3

Marfork Coal Company, Inc. v. Smith, et al.

9.    That Marfork has no adequate remedy at law to protect itself from Defendants' continuing conduct and threats to continue the same.

The Court further finds that Defendants have no lawful right to engage in the activities described herein.  Defendants have no recognized legal interest in entering onto the Beetree Surface Mine property and shall suffer no harm from being enjoined or restricted from engaging in such unlawful activity.  The Defendants had no permission to enter on the property and their entry onto the Beetree Surface Mine property was a trespass.  Therefore, Marfork has clearly shown that it has a strong likelihood of prevailing on the merits in this case. The equities of the case tip heavily in favor of the Plaintiff.  The entry of this Temporary Restraining Order shall benefit the public and ensure the general safety of the public, Marfork's employees and contract personnel and even the Defendants themselves.  In the absence of such Temporary Restraining Order, Plaintiff will be irreparably harmed by the unlawful conduct described herein.

Accordingly, it is hereby **ORDERED** that:

Defendants, and their officers, agents, servants, employees, and attorneys, and those other persons who are in active concert or participation with Defendants (or their officers, agents, servants, employees or attorneys), who receive actual notice of this Temporary Restraining Order by personal service or otherwise, are hereby restrained and enjoined until **February 10, 2010**, at **3:00 p.m.** from doing or causing to be done, the following:

(a)    Trespassing or otherwise congregating on any mining properties in the Southern District of West Virginia, including but not limited to Marfork's Beetree Surface Mine property in Raleigh County, West Virginia; and

4

Marfork Coal Company, Inc. v. Smith, et al.

(b)      Interfering, obstructing, blocking, impeding or tampering with any coal operating equipment, trucks or other vehicles of any mining properties, including but not limited to Marfork, no matter where such equipment, trucks or other vehicles may be located in the Southern District of West Virginia.

It is further **ORDERED** that copies of this Order shall forthwith be served upon the Defendants, and service thereof shall be due notice to each of them, of this Temporary Restraining Order and of the hearing upon Plaintiff's motion for preliminary injunction, and copies of this Order shall be posted in conspicuous places at or about the entrances to Marfork's Beetree Surface Mine property, and any mining property in the Southern District of West Virginia or on the roads leading to said properties, and such posting thereof shall be prima facie evidence of due notice to Defendants, and to their officers, agents, servants, employees and attorneys, and to those other persons who are in active concert or participation with Defendants (or their officers, agents, servants, employees or attorneys).

It is further **ORDERED** that a hearing on Plaintiff's motion for a preliminary injunction be set for **February 4, 2010, at 1:30 p.m.** in the U.S. District Court for the Southern District of West Virginia, Beckley Division, before the undersigned.

The foregoing Temporary Restraining Order shall not take effect until Marfork has filed a bond with the Clerk of the U.S. District Court for the Southern District of West Virginia, Beckley Division, with the approved security and a penalty of at least the sum of **$ 100,000.00**, conditioned to pay all costs and damages which may be incurred or sustained by Defendants by reason of a later

5

Marfork Coal Company, Inc. v. Smith, et al.

determination that they have been wrongly enjoined or restrained by the issuance of the foregoing Temporary Restraining Order.

Issued this **27th  day of January , 2010 at 3:00 p.m.**

The Clerk is instructed to send a certified copy of this Temporary Restraining Order to the last known address of the above-named Defendants, as may be provided by the above-named Defendants to any law enforcement authorities and as may be provided by Plaintiff's counsel.

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

6