IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION


MARFORK COAL COMPANY,

                Plaintiff,

v.                                CIVIL ACTION NO.  5:10-cv-00069

DAVID AARON SMITH, et al.,

                Defendants.


MEMORANDUM OPINION AND ORDER


On January 25, 2010, Plaintiff, Marfork Coal Company, filed a complaint against David Aaron Smith, Amber Nitchman, Eric Blevins, Joshua Francisco Graupera, and Isabelle Rozendaal (collectively, "Defendants"), pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship of the parties.  Plaintiff challenges Defendants' unlawful trespass upon the Beetree Surface Mine property located in Raleigh County, West Virginia.  Pending before the undersigned is Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction ("Defs.' Motion") (Document No. 20). Upon consideration of the motion and the opposition thereto, the undersigned finds that jurisdiction is proper.  Accordingly, Defendant's Motion to Dismiss is **DENIED**.

In its Complaint, Plaintiff alleges that Defendants entered upon its property at the Beetree Surface Mine without authorization and consent on January 21, 2010 (Complaint, ¶19); that the Beetree Surface Mine uses "explosives to blast rock and coal," (*id*. ¶16),  as a precursor to coal removal in this area; that Defendants refused to vacate the Beetree Surface Mine despite requests

Marfork, Inc. v. Smith, et al.

made by Plaintiff to do so (*id*. ¶¶21-22); that Defendants Smith, Nitchman, and Blevins climbed trees

near the active mine blasting area to evade Plaintiff's security personnel and West Virginia State

Police (*id*. ¶23); and that Defendants Smith, Nitchman and Blevins established a platform to allow

them to remain in the trees on Beetree Surface Mine property.[1] (*Id.*)  Plaintiff further alleges that

Defendants "are members of or are affiliated with environmentalist groups" that "hope to raise

support for their purported cause – the abolition of mountaintop mining . . . and . . . to encourage

third parties to engage in similar unsafe, disruptive and unlawful activities on privately owned mine

properties[.]" (*Id*. ¶¶24, 26.).  Plaintiff asserts three causes of action against the individually named

Defendants arising out of Defendants' alleged unlawful entry upon the Beetree Surface Mine

property: (1) trespass; (2) tortious interference with business relations and (3) civil conspiracy. (*Id*.

¶¶ 38-56).  Plaintiff seeks, *inter alia,* (1) injunctive relief precluding Defendants, their officers,

agents, servants, employees and attorneys from  further "[t]respassing or otherwise congregating on

any of the mining properties of corporate entities affiliated with A.T. Massey and Massey Energy,

including but not limited to the Marfork's Beetree Surface Mine property" or "[i]nterfering,

obstructing, blocking, impeding or tampering with any coal operating equipment, trucks or vehicles

of any of the corporate entities affiliated with A.T. Massey and Massey Energy, including but not

limited to the Marfork"; (2) compensatory damages in excess of $75,000 and (3) punitive damages.

*Id*. at 10-11.

---

[1]  All of the Defendants have since vacated the premises.  Defendant Smith continued his trespass until January 25, 2010; Defendants Nitchman and Blevins climbed out of the trees on January 29, 2010.  *See* Response in Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp'n") (Document No. 34) at 4.

Marfork, Inc. v. Smith, et al.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants challenge Plaintiff's ability to satisfy the $75,000 amount-in-controversy jurisdictional requirement of 28 U.S.C. 1332.[2]  Specifically, Defendants dispute that their alleged trespass onto Plaintiff's property caused damages in excess of 75,000 given that Plaintiff "continued to blast, haul, destroy mountains, fill valleys, and remove coal from the area."  Memorandum of Law in Support of the Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction ("Defs.' Mem.) at 1.  Defendants also contend that: (1) Plaintiff's Complaint contains inconsistent references to requested damages in that Plaintiff states that Defendants' actions caused irreparable economic harm incapable of calculation or reparation through an award of damages (*see id*. at 2; Complaint ¶¶ 30, 42); (2)  Plaintiff failed to sufficiently support its request for "compensatory damages in excess of $75,000[]" (*see id*. ("This damage request is not supported by any evidence whatsoever appearing anywhere in the complaint of 'losses suffered.'. . .  [T]he Complaint itself appears to lack the specificity required to satisfy the amount in controversy.")), and (3) the injunctive relief and punitive damages sought by Plaintiff is also insufficient to establish the jurisdictional minimum.  *See id*. at 3

District courts have diversity jurisdiction over any civil action between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  The burden of proving subject matter jurisdiction in a motion to dismiss is on the party invoking such jurisdiction, in this instance, the plaintiff, Marfork. "The general rule governing dismissal for want of jurisdiction in federal cases is that 'the sum claimed by the plaintiff controls

---

[2]  Defendants do not dispute that the parties are diverse.  Thus, the undersigned will limit its inquiry to the amount-in-controversy jurisdictional challenge.

3

Marfork, Inc. v. Smith, et al.

if the claim is apparently made in good faith.'" *CSX Transp., Inc. v. Gilkison*, Civil Action No.5:05CV202, 2009 WL 426265, * 2 (N.D.W. Va. Feb. 19, 2009) (quoting *St. Paul Mercury Indem. Co. v. Redcap Co.*, 303 U.S. 283, 288-89 (1938)).  Further, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* (*citing St. Paul Mercury*, 303 U.S. at 289).  The Fourth Circuit, in *Adams v. Bain*, 697 F.2d 1213 (4th Cir.1982), described two distinct ways in which a defendant may challenge subject matter jurisdiction:

> First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.  Second, it may be contended that the jurisdictional allegations of the complaint were not true. A trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations.

*Adams*, 697 F.2d at 1219 (footnote omitted); *see also Campbell v. Untied States*, Civil Action No.2:05-cv-956, 2009 WL 914568, *2 (S.D.W. Va. Apr. 2, 2009).   "A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment." *Gilkison*, 2009 WL 426265, * 2  (citing *Adams*, 697 F.2d at 1219; *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975)).

    In the instant action, Defendants attack Plaintiff's allegations of subject matter jurisdiction in both of the aforementioned methods.  The undersigned finds that the amount-in-controversy jurisdictional amount is met regardless of the method employed.  With respect to the first mode of attack–that the complaint fails to allege facts upon which subject matter is based–Defendants assert

Marfork, Inc. v. Smith, et al.

that the "Complaint itself appears to lack the specificity required to satisfy the amount in controversy." Defs.' Mem. at 2. On the contrary, Plaintiff's Complaint is replete with allegations of fact sufficient to support its damages claims: Plaintiff alleges facts with respect to Defendants' continued trespass on the Beetree Surface Mine property (*see* Complaint, ¶¶ 19-23); that the Beetree Surface Mine property is used for the blasting and removal of rock and coal (*see id.* ¶ 16); that Defendants' presence deprived Plaintiff of the exclusive possession of the mine property and interfered with Plaintiff's beneficial use of the property to mine coal (*see id.* ¶ 28); that if the alleged trespass continued then Defendants "activities will impact Marfork's ability to engage in its business operations and its permitted coal mining activities and, among other things, cause Marfork to suffer damages in excess of $75,000[]" (*id.* ¶ 29); and that its employees would have to be redirected for security purposes (*see id.* ¶ 30) ("[the] activities of Defendants . . . shall continue to . . . force Marfork personnel and contract personnel to focus on the possibility of other random acts in various and random areas on the Beetree Surface Mine, creating operational safety problems, the risk of which is significant."). These allegations–of the loss of coal production, exclusive use of the mine property and appropriate use of personnel–when considered with the entire complaint, if assumed true, are sufficient to support the jurisdictional requirement. Thus, the Complaint is not jurisdictionally deficient upon its face.[3]

---

[3]    Additionally, the undersigned finds that Defendants' argument with respect to injunctive relief (*see* Defs.' Mem. at 3) is constrained by Defendants' narrow assessment of this case. Defendants assert that "this case arises out of allegations of simple trespass." *Id.* at 3. Defendants' assertion ignores that Plaintiff alleged three claims against Defendants as a result of the alleged trespass–trespass, intentional interference with business relationships and civil conspiracy. The undersigned finds that in consideration of the totality of Plaintiff's complaint, the injunction sought, in addition to the damages alleged for the various causes of action, is sufficient to met the jurisdictional limit.

Marfork, Inc. v. Smith, et al.

With respect to the second mode of attack–that jurisdictional allegations of the complaint are not true–Defendants assert that Plaintiff's allegations of damages are "overinflated" (*see* Defs.' Motion at 1) given that Plaintiff's "continued to blast, haul, destroy mountains, fill valleys, and remove coal from the area."[4]  Defs.' Mem. at 1.  Plaintiff, in its opposition, concedes that work continued at the Beetree Surface mine property, but not in the area occupied by the Defendants.  *See* Pl.'s Opp'n at 6 ("Marfork ceased coal production activities in the work area where Defendants trespassed in order to prevent injury to Defendants and Marfork's members and contract personnel. . . . [O]perations continued throughout the siege, although not in the mining area occupied by the trespassers.").  Plaintiff contends that at the time the press release was issued on January 21, 2010, the first day of the alleged trespass that operations had not ceased (*see id.*), but "as the [alleged] trespass continued, all mining activities were suspended in the work area where the trespassers occurred[.]" *Id.*  Plaintiff further asserts that "[i]n an effort to assure that its customers would receive promised coal at the times and in the amounts dictated by its coal sales contracts, Marfork attempted to move personnel and equipment from the work area near the trespass to the other work area."  *Id*.

Plaintiff submitted an affidavit to support the allegations made in the Complaint.  A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment.  *Adams,* 697 F.2d at 1219.  Chris Blanchard, president

---

[4]   Defendants rely on the January 21, 2010 press release, allegedly distributed by the parent company of Plaintiff Marfork, which contained statements that coal production had not ceased after Defendants' alleged unlawful entry onto the Beetree Surface Mine property.  *See* Defs.' Motion, Exhibit 1(Charleston Gazette article) (Document No. 20-1).

Marfork, Inc. v. Smith, et al.

of Marfork, in a sworn affidavit, asserts that "[a]s a result of the continuing trespass by the Defendants [the work area they occupied] was not used for two days[]" and that "[i]t took two days to transport [the mining] equipment to the other work location."  Pl.'s Opp'n, Exhibit 1, Affidavit of Chris Blanchard ("Blanchard Affidavit")(Document No. 34-1), ¶ 12.  Blanchard further asserts that "the combined amount of coal being produced from the single area did not match the production when two work areas were operational[]" and that "[t]he total cost in lost coal production as a result of the trespass by the Defendants exceeds $100,000." *Id*. ¶¶ 14-15.  Plaintiff contends that as a result of its efforts to ensure the safety of the Defendants, its personnel and anyone who sought to assist the Defendants, security personnel and special safety equipment were directed to the area occupied by the Defendants.  *See* Pl.'s Opp'n at 6-7; *see also* Blanchard Affidavit, ¶ 17 ("a man-lift [was] taken to the site to be available should a situation arise in which the Defendants needed to be removed from the trees and could not extricate themselves.").   Plaintiff asserts that it had to construct an access road to make the man-lift available and that the cost of constructing the road and dedicating the man-lift to the site exceeds $84,000.  Blanchard Affidavit, ¶ 18.

Plaintiff contends that the allegations in the Complaint and the evidence in its affidavit is sufficient to support is claims of damages for "lost coal production, harm to the right to exclusive use and possession of its property, increased security costs and incalculable and irreparable harm to it through the danger presented to Marfork and its employees and contractors from the trespassers[.]" Pl.'s Opp'n.  The undersigned agrees.  "Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction.  No presumptive truthfulness attaches to plaintiff's allegations, and the existence of

Marfork, Inc. v. Smith, et al.

disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Gilkison*, 2009 WL 426265, * 2 (citing *Materson v. Stokes*, 166 F.R.D. 368, 371 (E.D. Va. 1996)).  The undersigned finds that the estimates of the loss of coal production and the increased security costs, including the construction of the access road is sufficient to establish diversity jurisdiction in this case.[5]

For the reasons stated above, the Court does hereby **ORDER** that Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction (Document No. 20) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       February 22, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[5]   The undersigned makes no finding herein on the merits of the claims against the Defendants or the reasonableness of Plaintiff's actions and expenses.

8