**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

MARFORK COAL COMPANY,

                Plaintiff,

v.                            CIVIL ACTION NO.  5:10-cv-00069

DAVID AARON SMITH, et al.,

                Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending for consideration by the undersigned United States District Judge is Plaintiff's Motion For a Preliminary Injunction ("Plaintiff's Motion") (Document  No. 4)[1] and Defendants' Motion For View ("Defendants' Motion") (Document No. 40).[2]  Upon consideration of said motions, the memoranda in support thereof and in opposition thereto, the evidence adduced at the evidentiary hearing on Plaintiff's motion and the entire record herein, the undersigned **GRANTS IN PART** Plaintiff's Motion For a Preliminary Injunction and **DENIES** Defendants' Motion For View.

---

[1]  Plaintiff styled the instant motion to seek both a temporary restraining order and a preliminary injunction. *See* Plaintiff's Motion For A Temporary Restraining Order and a Preliminary Injunction. On January 27, 2010, the undersigned granted in part Plaintiff's motion for a temporary restraining order.  *See* Memorandum Opinion and Order (Document No. 12).

[2]  On February 24, 2010, after the evidentiary hearing on Plaintiff's Motion, Defendants moved for the court to visit the Marfork property "so that the Court and the parties are fully informed as to the gravity of the environmental damage imposed upon the community caused by Plaintiff's mining actions."  Defendants' Motion at 1. The undersigned finds that Defendants' request is immaterial and irrelevant to the claims currently before the court.  Accordingly, Defendants' motion is denied. *See infra* n.13.

Marfork Coal Co., Inc. v. Smith, et al.

## I.  BACKGROUND

Plaintiff, Marfork Coal Company,  a West Virginia corporation "engaged in the production and sale of coal" brings this diversity action against David Aaron Smith, Amber Nitchman, Eric Blevins, Joshua Francisco Graupera, and Isabelle Rozendaal (collectively, "Defendants") to challenge Defendants' unlawful trespass upon the Beetree Surface Mine ("Surface Mine") property located in Raleigh County, West Virginia. *See* Complaint, ¶¶ 1-6.  In its complaint, Plaintiff alleges that Defendants entered upon the Surface Mine property without authorization and consent on January 21, 2010 (*id.*, ¶19); that Defendants refused to vacate the property despite numerous requests to do so (*id.* ¶21-22); that Defendants Smith, Nitchman, and Blevins climbed trees near an active mine blasting site to evade Plaintiff's security personnel and West Virginia State Police (*id.* ¶23); and that Defendants Smith, Nitchman and Blevins established a platform to allow them to remain in the trees on Beetree Surface Mine property.[3]  *Id.*

Plaintiff asserts that as a precursor to coal removal it uses "explosives to blast rock and coal"(Complaint,¶16) and that, *inter alia*, "Defendants have and will continue to deprive Marfork of the exclusive possession of the Beetree Surface Mine property and will substantially, unreasonably, and unlawfully interfere with Marfork's beneficial use of the property [namely] the mining of coal." *Id.*, ¶ 28.  Plaintiff avers that Defendants "are members of or are affiliated with environmentalist groups" that "hope to raise support for their purported cause – the abolition of

---

[3]  Defendants Graupera and Rozendaal were arrested by West Virginia State Police and removed from the Beetree Surface Mine property on January 21, 2010. *Id.*  On January 25, 2010, Defendant Smith exited the tree and was subsequently arrested by the West Virginia State Police. *Id.*  However, Defendants Nitchman and Blevins remained positioned in the trees until January 29, 2010. *See infra* n.7.

Marfork Coal Co., Inc. v. Smith, et al.

mountaintop mining . . . and . . . to encourage third parties to engage in similar unsafe, disruptive and unlawful activities on privately owned mine properties[.]" *Id.* ¶¶24, 26.   In its Complaint, Plaintiff alleges  three claims against the individually named Defendants: (1) trespass; (2) tortious interference with business relations and (3) civil conspiracy. *Id.* ¶¶ 38-56.

A.   *The parties' written submissions*

Subsequent to the filing of its Complaint, Plaintiff filed a motion for a temporary restraining order ("T.R.O.").  On January 27, 2010, after a hearing on the motion, the undersigned granted in part Plaintiff's motion for a temporary restraining order and issued a T.R.O.[4]

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff now seeks a preliminary injunction restraining, *inter alia,* "Defendants and their officers, agents, servants, employees and attorneys, and those other persons who are in active concert or participation with Defendants . . . who receive actual notice of such order . . . from: (a) trespassing or otherwise congregating on any of the mining properties of corporate entities affiliated with A.T. Massey and Massey Energy . . . (b) interfering, obstructing, blocking, impeding or tampering with any coal operating equipment, trucks or other vehicles of any of the corporate entities affiliated with A.T. Massey and Massey Energy, including but not limited to Marfork[.]" (Plaintiff's Motion for Temporary Restraining Order and a Preliminary Injunction ("Plaintiff's Motion") (Document No. 4) at 2-3).  Additionally, Plaintiff seeks an Order to "empower and authorize federal, state and local law enforcement authorities to enforce such Order" and to "seize and preserve . . . as evidence all

_____

[4]   *See supra* n.1.  The T.R.O. is scheduled to expire on February 26, 2010 at 5:30 p.m.  *See* February 4, 2010 Order (Document No. 29) and February 23, 2010 Order (Document No. 39) (extending, for good cause the application of the T.R.O.).

Marfork Coal Co., Inc. v. Smith, et al.

cameras . . . and any other recording devices and/or equipment in the possession of . . . any such trespasser."  (Plaintiff's Motion at 3-4).  Plaintiff also seeks an order providing for a finding of contempt for future violations of any issued order and the imposition of a civil penalty of $5,000 per contemner per violation of such order.  (*Id*. at 4).  Plaintiff contends that Defendants have trespassed upon the Surface Mine property and have no legal defense for such trespass; that Defendants are not deterred by criminal prosecution and absent injunctive relief it will suffer irreparable harm; that Defendants will not be harmed by the entry of an injunction, and that the public interests supports the issuance of an injunction.

Defendants, through counsel, characterize their actions as a "peaceful protest" and argue that Plaintiff has failed to meet its burden for injunctive relief.  Defendants' Opposition To Plaintiff's Motion For A Preliminary Injunction (Document No. 32) at 1.   In the alternative, Defendants "seek restrictions to the . . . restraints . . . sought by the Plaintiff[.]"  *Id*. at 2.   In their opposition, Defendants assert that their "peaceful demonstration . . . had absolutely no effect on the Plaintiff's bottom line or intentions to continue mountaintop removal operations in West Virginia" and that Plaintiff is not likely to succeed on the merits of its claims due to "[the] [c]ompany['s] . . . direct lineage to Massey Energy."  Memorandum Of Law In Support Of Defendants' Opposition To Plaintiff's Motion For A Preliminary Injunction ("Defendants' Opp'n") (Document No. 33) at 3. Defendants further assert that Plaintiff will suffer no irreparable harm because each of the Defendants were arrested and removed from Plaintiff's property by the West Virginia State Police–a remedy Defendants contend is "more than . . . adequate . . . for any trespasses or peaceful protests which have or could potentially occur on [Plaintiff's] property."  *Id*. at 4.  Additionally, Defendants

Marfork Coal Co., Inc. v. Smith, et al.

argue that Plaintiff's requested injunction is overbroad in scope and seeks to restrain their right of free speech. *Id*. at 4-8. Defendants also contend that "[t]he public's best interest is not to have an entire state flattened by mountaintop removal." *Id*. at 5. Finally, Defendants oppose any injunction that (1) enjoins anyone other than the Defendants; (2) provides relief to a non-party, A.T. Massey or Massey Energy; (3) permits searches and seizures of individuals in violation of the injunction and (4) imposes "extreme" fines. *See id.* at 6-8.

Plaintiff, in its reply, maintains that it has sufficiently carried its burden for the issuance of a preliminary injunction. Reply In Support of Motion For A Preliminary Injunction ("Plaintiff's Reply") (Document No. 35) at 1-5. Generally, Plaintiff maintains that it will succeed on the merits because Defendants offer no defense for their unlawful entry upon the Surface Mine property (*id*. at 2); that Defendants have not been deterred in the past and will continue to be undeterred by criminal prosecution for their entry upon the Surface Mine property (*id*. at 3); that as a result of any injunctive relief, Defendants will only be prohibited from engaging in unlawful conduct to which they have no defense, (*id*. at 4) and that "Defendants have offered no arguments on why it is not in the best interest of the public to have them enjoined from random, dangerous and unlawful trespassing." *Id*. at 4-5. Plaintiff asserts that the requested injunction is not overly broad in that it seeks to enjoin only those persons contemplated by Rule 65 of the Federal Rules of Civil Procedure; that the benefit of injunctive relief as sought in this instance should run to a non-party, its parent company A.T. Massey or Massey Energy, that courts can empower law enforcement officers to enforce its orders and that the requested fine for each contemner is not excessive or improper. *Id*. at 6-9.

Marfork Coal Co., Inc. v. Smith, et al.


   *B.  Evidentiary Hearing on Plaintiff's Motion For a Preliminary Injunction*

   The undersigned conducted a hearing with respect to Plaintiff's motion on February 23, 2010

during which counsel for each party largely reiterated the arguments advanced in their written

submissions.   Plaintiff elicited testimony from its Director of Security and its President, Michael

Bays and Chris Blanchard, respectively.[5]  Mr. Bays testified with respect to the Defendants' early

morning entry upon the Surface Mine property on January 21, 2010; the efforts made by Plaintiff's

employees and the West Virginia State Police to remove Defendants from the private property;

Defendants Nitchman, Blevins and Smith's plywood platform in trees which stood approximately

100 feet from an active mine site; Plaintiff's efforts to prevent injury to the Defendants and its

employees; the arrest of two individuals–found on the Surface Mine property–who sought to provide

supplies to the Defendants who remained in the trees[6] and the arrests of each of the Defendants.[7]

   Mr. Blanchard testified that the Marfork Mine property extends for approximately 5000

acres and that there are 12 mine operations on the site, one of which is the 1000-acre Beetree Surface

Mine.  Mr. Blanchard further testified with respect to: Marfork's expectation to blast in the area

---

   [5]  Several exhibits were also admitted into evidence which included photographs of Marfork's Surface
Mine entrance; Defendants on the grounds of and in trees on Marfork's property, and the mining area occupied by
the Defendants.  Plaintiff also moved the admission of documentation detailing Defendants' arrests; its Surface Mine
permit; a log of citations or arrests for trespassing and other crimes at various mines, and a Raleigh County Circuit
Court's Order granting a preliminary injunction in *Alex Energy, Inc. et al. v. Caskey, et al.*, Civil Action No. 09-C-
187-B.  The undersigned finds that the injunction issued by the Raleigh County Circuit Court do not enjoin the
named Defendants in this cause.

   [6]  *See* Plaintiff's Evidentiary Hearing Exhibits ("Pl.'s Evid. Ex.") 11-12.

   [7]  Mr. Bays testified that Defendants Nitchman and Blevins came down from the trees on January 29,
2010, nine days from their first entry, and were subsequently arrested by the West Virginia State Police.  *See also*
Pl.'s Evid. Ex. 6-7.

6

Marfork Coal Co., Inc. v. Smith, et al.

eventually occupied by Defendants; the decision to suspend coal production in the area closest to Defendants; the efforts made to reallocate equipment and personnel to account for the suspended productivity and the safety of the Defendants and Marfork employees and contractors; the time large mining equipment in the area sat idle before it could be reallocated for use in a different mining site; Marfork's efforts to create a road leading to Defendants for the transport of safety equipment and Marfork's concern about future trespasses in consideration of statements allegedly made by Defendants that their protest will continue until Marfork stops mountaintop mining.

Defendants elicited testimony from one witness, Julia Bonds, a resident in a community near the mine. Ms. Bonds testified with respect to her concern that Plaintiff's mining activities have the potential to detrimentally impact the environment and its surrounding communities.[8] Counsel for Defendants proffered that Ms. Bonds's testimony was intended to demonstrate the public's interest and the harm in Marfork's current mining practices.[9]

## II. APPLICABLE STANDARD

Preliminary injunctions are remedies that are only granted sparingly and in limited circumstances. *MicroStrategy Inc. v. Motorola, Inc.,* 245 F.3d 335, 339 (4th Cir. 2001). The

---

[8] At the hearing, Defendants sought the admission of Defendants' Evidentiary Exhibit 2 ("Monitoring and Emergency Warning Plan and Procedures for the Brushy Fork Slurry Impoundment"). Plaintiff's proffered a relevancy objection. The undersigned took the matter under advisement. For reasons appearing to the court, the undersigned sustains Plaintiff's objection and finds that the exhibit concerns matters which are not at issue in the instant dispute.

[9] During the course of the evidentiary hearing, Defendants sought testimony with respect to Marfork's mining activities and the perceived consequences of the same on the environment and the community. Plaintiff made several objections on the grounds of relevancy with respect to this testimony. As stated on the record, the undersigned provided Defendants with sufficient opportunity to proffer its evidence, however, on several occasions the undersigned directed counsel for Defendants to focus on issues germane to the instant dispute.

Marfork Coal Co., Inc. v. Smith, et al.

Supreme Court's decision in *Winter v. Natural Res. Def. Council, Inc.*, - - U.S. - -, 129 S.Ct. 365, 374-76 (2008), led to the Fourth Circuit recently replacing the long-standing analytical framework employed in *Blackwelder Furniture Co. of Statesville v. Selig Mfg. Co.*, 550 F.2d 189 (4th Cir. 2001), for determining whether to grant preliminary injunctive relief.  Thus, the four relevant factors for determining whether to issue a preliminary injunction are: (1) that the Plaintiff is likely to succeed on  the merits; (2) that the Plaintiff is likely to suffer irreparable harm in the absence of injunctive relief; (3) that the balance of the equities tips in the Plaintiff's favor; and (4) that an injunction would be in the public interest. *Real Truth About Obama v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th  Cir. 2009) (citing *Winter*, 129 S.Ct. at 374).   The issuance of a preliminary injunction is entrusted to the district court's discretion.  *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-25 (4th Cir. 2003).   "The traditional office of a preliminary injunction is to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits."  *Id*. at 525 (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14,16 (4th Cir.1997) ("The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint.")).

## III.  DISCUSSION

The sole issue before the court is whether a preliminary injunction is warranted to restrain further intentional trespass onto the property of another for the purpose of protesting mountaintop

Marfork Coal Co., Inc. v. Smith, et al.

mining.[10]  Upon consideration of the verified complaint, the parties' written submissions, evidence adduced at the evidentiary hearing and the entire record herein, the undersigned finds that Plaintiff has sufficiently demonstrated that the requisite factors for the issuance of preliminary injunction.

### A.   Likelihood of Success on the Merits

Plaintiff, on January 25, 2010, filed a verified complaint in which it alleges that Defendants are liable for (1) trespassing, (2) tortious interference with business relationships and (3) civil conspiracy.  The undersigned finds that Plaintiff, at this stage in the litigation, has proffered evidence sufficient to demonstrate that it is likely to succeed on at least two of its asserted claims: trespass and civil conspiracy.[11]

Generally, a trespass consists of an intentional invasion of the property of another.  It is uncontested that on January 21, 2010, Plaintiff, lessee coal company, possessed mining rights for the Surface Mine property.  *See* Compl., ¶¶13-14; Pl.'s Evid. Ex.14 (Marfork Coal Company Permit to Engage in Surface Mining). Plaintiff's Director of Security, Michael Bays, testified at the February 23, 2010 hearing with respect to Defendants' entry, occupancy and location on the Surface Mine property.  The testimonial evidence is uncontroverted that Defendants, on January 21, 2010, intentionally entered upon the Surface Mine Property without consent; that Plaintiff and law enforcement officials asked each of the Defendants to leave, but Defendants refused to do so; that

---

[10]   *See supra* n.9.

[11]   To state claim of tortious interference with business or contractual relations under West Virginia law, a plaintiff must show existence of a contractual or business relationship, intentional interference by party outside that relationship, causation, and damages.  *See Hatfield v. Health Mgmt. Assoc. of West Virginia*, 223 W.Va. 259, 672 S.E.2d 395, 403 (2008).  The undersigned makes no findings herein with respect to Plaintiff's ability to succeed on the merits of this claim.

9

Marfork Coal Co., Inc. v. Smith, et al.

Defendants Nitchman, Blevins and Smith climbed trees to evade arrest; and that Defendants Nitchman, Blevins and Smith constructed wooden platforms to allow them to remain in the trees while Defendants Graupera and Rozendaal supported them on the ground. *See* Pl.'s Evid. Ex. 8 (photograph of Defendants positioned in trees with banners that read "Stop the Blasting").   Mr. Bays further testified that Defendants Blevins and Nitchman remained on the Surface Mine property until January 29, 2010.  Each of the Defendants were arrested and charged with trespass. *See* Pl.'s Evid. Ex.4-9.  Additionally, there is uncontroverted testimony that Defendants were within approximately 100 feet from an active mine site; that Plaintiff ceased blasting and coal production in the area occupied by the Defendants; that Plaintiff redirected its employees and equipment to a different mine site, and that Plaintiff built an access road to take safety equipment to the area occupied by the Defendants.  Plaintiff also redirected its security staff to ensure the safety of the Defendants and to monitor for and remove individuals seeking to assist or support the Defendants.

Defendants do not dispute their presence on the Surface Mine property.  Instead , Defendants elect to describe their actions as a "peaceful protest to the devastation being caused by the Plaintiff's Coal Company's mountaintop removal operation[.]" Defs.' Opp'n at 1.  Further, in their written submission, Defendants proffered no legal argument with respect to the likelihood of Plaintiff's success on the merits of its claims; instead, Defendants focused entirely on their opinion that a jury will not award a verdict to a coal company plaintiff with a direct lineage to Massey Energy.  The Court finds Defendants' argument wholly irrelevant and immaterial to the claims asserted by Plaintiff.  Thus, the undersigned finds that Plaintiff has sufficiently demonstrated that it will likely succeed on the merits of its trespass claim.

Marfork Coal Co., Inc. v. Smith, et al.

Additionally, Plaintiff has sufficiently demonstrated that it will likely succeed on the merits of its civil conspiracy claim.  Under West Virginia Law, "[a] civil conspiracy is defined as 'a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means.  The cause of action is not created by the conspiracy but by the wrongful acts done by the defendants to the injury of the plaintiff." *Dixon v. American Indus. Leasing Co.*, 162 W.Va. 832, 834, 253 S.E.2d 150, 152 (1979). "In order for a claim for conspiracy to be actionable, the plaintiff must prove that the defendants have actually committed some wrongful act." *Roney v. Gencorp*, 431 F.Supp. 2d 622, 637 (S.D. W.Va. 2006) (citation omitted).  Based on the aforementioned testimony, Plaintiff will likely succeed in demonstrating that the five individually named Defendants acted together to commit the wrongful act of trespass which began on January 21, 2010 and continued to January 29, 2010.

Thus, Plaintiff has made the requisite showing that it is likely to succeed on the merits of at least two of its claims at trial.

### B.  Likelihood of Irreparable Harm

In consideration of the second factor–that the Plaintiff is likely to suffer irreparable harm in the absence of injunctive relief– Plaintiff contends that Defendants' actions have interfered and will continue to interfere with its exclusive use and possession of the Beetree Surface Mine property and that the Defendants have posed risk of severe physical injury and death to its employees and contract personnel.  Plaintiff argues that its irreparable injury is borne out of the fact that legal remedies are inadequate in that Defendants are not "deterred by the imposition of a monetary fine or the prospect of serving a jail sentence for criminal conduct, but will continue to trespass on mining properties

Marfork Coal Co., Inc. v. Smith, et al.

operated by Marfork and other entities affiliated with A.T. Massey and Massey Energy." Plaintiff's Memo. at 8.

Additionally, at the hearing, Mr. Blanchard testified that in order to prevent injury to the Defendants and its employees, Plaintiff suspended work in the area closest to the Defendants, and re-directed its employees and equipment to an active surface mine site further away from the Defendants.  Mr. Blanchard testified that as a result of Defendants' presence, large mining equipment sat idle for four days until the equipment could be transported to a different surface mine site for use and that its coal production was delayed. Mr. Blanchard also testified that Marfork suffered irreparable harm as a result of the nine-day trespass that he could not quantify.  Defendants in opposition contend that the trespass is over; that Plaintiff has an adequate remedy of criminal prosecution for any future acts on its property and that it is the community which will suffer a harm from Plaintiff's mining activities.

In order for a court to grant a preliminary injunction, "[a] plaintiff must make a clear showing that it is likely to be irreparably harmed absent preliminary relief." *Real Truth*, 575 F.3d at 347. (citation omitted).  The required harm "must be neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Corp*. 952 F.2d 802, 812 (4th Cir. 1991).  Additionally, "irreparable injury is suffered when monetary damages are difficult to ascertain or are inadequate." *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 551 (4th Cir. 1994).  First, the undersigned credits Plaintiff's assertion that pursuing criminal prosecution for each trespass is an inadequate remedy.  The record supports Plaintiff's assertion that Defendants and those in support of them are not deterred by criminal

Marfork Coal Co., Inc. v. Smith, et al.

prosecution.  Defendants remained on the property despite several requests by law enforcement officers to vacate.  Further, after at least three of the Defendants were arrested for trespass, two other individuals–attempting to provide Defendants with supplies to continue their trespass–were found and apprehended on the Surface Mine property.  Defendants actions are a clear demonstration that the directives of law enforcement officials and invocation of criminal proceedings will not deter them from future trespasses.  Moreover, the undersigned observes that Defendants Blevins and Nitchman remained on the property after the January 27, 2010 issuance of the temporary restraining order which enjoined their presence on the Surface Mine.  The undersigned concludes based on the evidence adduced at the hearing that Defendants will continue to protest what they perceive to be the harms of mountaintop mining on Marfork property.[12]  Moreover, there is evidence before the Court that individuals are consistently and continually trespassing on Marfork property.  *See* Pl. Evid. Ex. 13.          Second, the court finds that Plaintiff suffers irreparable harm in that it cannot enjoy the exclusive use of its property which will impair Plaintiff in a way that is not quantifiable by monetary damages.  Plaintiff's business is one that includes the use of explosives and large machinery.  It is obvious that the activities which occur on the property are dangerous.  Defendants entered upon and occupied an area that was within approximately one hundred feet of an active mine site.  The undetected presence of individuals in close proximity to an active mining site–who are not familiar with the land and Plaintiff's scheduled blasting activities–pose significant risk of harm to Defendants and Plaintiff's personnel that cannot be calculated.  Mr. Blanchard testified that coal production was suspended in the area occupied by Defendants and that it lost the use of that active

---

[12]   The Court notes that Defendant Blevins was previously been arrested in May, 2009 for trespassing on Marfork property.

Marfork Coal Co., Inc. v. Smith, et al.

mine site for nine days.  Although, Mr. Blanchard admitted on cross-examination that it is not currently in default under any coal contract, Defendants efforts to thwart coal production were successful in this instance; the undersigned can only conclude that any subsequent trespass will have the same effect.  It is clear that Defendants' actions have interfered and continue to interfere with the property owner's right to the exclusive use of the property.  Thus, the undersigned finds that Plaintiff has demonstrated that it has suffered and will continue to suffer irreparable harm in the absence of injunctive relief.

### C.   Balance of Equities

Plaintiff argues that the relief it seeks tips in its favor because "Defendants will not be–and cannot be—harmed by entry of a . . . preliminary injunction until a trial on the merits of Marfork's claims."  Plaintiff's Memo. at 9.  Plaintiff contends that Defendants would only be restrained from conduct which is both tortious and criminal and that this relief would not inhibit Defendants from advocating their cause in a lawful manner.  Defendants argued, at the evidentiary hearing, that the public will be harmed by Plaintiff's mining activities.  Defendants cross-examined Mr. Blanchard at length with respect to the impound located on the Marfork property and the circumstances of any damage to the surrounding communities if the impound were disrupted.  Defendants theory in this case appears to be that the public–not Defendants–will be harmed by the continuing mining activities on Marfork properties.  The undersigned finds Defendants' position inapplicable to the claims asserted in this litigation.[13]   Further, the undersigned finds that there are no equities which

---

[13]   The undersigned makes no findings herein with respect to the Plaintiff's mining activities or the impact, if any, such activities may have on surrounding communities.  The undersigned does not dispute that Defendants are

(continued...)

Marfork Coal Co., Inc. v. Smith, et al.

weigh in favor of the Defendants.  Defendants did not and do not have any legally recognizable right to be on the Beetree Surface mine property.  Moreover, the court is not persuaded by Defendants' arguments that an injunction will chill its First Amendment rights to free speech when–as in this case–Defendants' expression of such was on the property of another without consent or authority. Even if we assume that Defendants have the right to call attention to any political or environmental cause, they have no right to unlawfully trespass upon the surface mine property to do so.  This injunction would not affect Defendants' ability to disseminate its views in any other lawful manner. Moreover, an injunction would not preclude Defendants from seeking other appropriate avenues for advocating against mining activities they believe will result in harm.  A court cannot countenance unlawful actions taken to further the protest of political or environmental causes.  Plaintiff's evidence supports its assertion that Defendants entered upon the Beetree Surface Mine Property without consent or authorization and that they refused to leave when asked to do so.  Defendants' actions were unlawful.  The Court finds that there are no equities which weigh in favor of Defendants.

D.  *Public Interest*

The final factor that a movant must satisfy is a showing that an injunction would be in the interest of the public. As an initial matter, the public has an interest in ensuring that laws are followed and that property owners can enjoy the exclusive use of their property.  In this case, Defendants entered and  remained on the premises of Beetree Surface mine property unlawfully for

---

[13](...continued)
concerned about the environmental implications of mining activities.  However, those arguments are misplaced in this litigation.

Marfork Coal Co., Inc. v. Smith, et al.

nine days, despite requests by Marfork personnel and the West Virginia State Police to vacate the premises. Due to the dangerous nature of its mining activities, Plaintiff was precluded from continuing its business of mining for coal in the area.

Defendants, during the evidentiary hearing, attempted to elicit testimony detailing the public's interest in the Plaintiff's mining activities and any undesirable consequences of those activities on the communities surrounding the Marfork mine properties. The court finds Defendants efforts misplaced. In this instance, the issue before the court is not the public's interest in the Plaintiff's mining activities or the impact, if any, it will have on the surrounding communities, but rather the public's interest in the issuance or denial of a preliminary injunction. The evidence before the court indicates that Defendants through their tree-sit were attempting to protest their disapproval of mountaintop mining and that they will continue their efforts to do so. Defendants placed themselves and Plaintiff's employees in a dangerous position when it entered an area–without authority or notice to Plaintiff–where explosives and large equipment are used for the mining of coal. Unquestionably the public has an interest in upholding the law and in a property owner's exclusive use of property. Thus, the undersigned finds that Plaintiff has made the requisite showing of the public's interest in the injunction.

### E. Scope of the Requested Relief

While injunctive relief is warranted in this case, the undersigned finds that said injunction should be narrowly tailored to preserve the status quo in this litigation. To the extent, Defendants object with respect to the individuals bound by the preliminary injunction, that matter is addressed in Rule 65(d)(2) of the Federal Rules of Civil Procedure. Rule 65(d)(2) provides that such an order

Marfork Coal Co., Inc. v. Smith, et al.

is binding upon the parties; the parties' officers, agents, servants, employees, and attorneys and other

persons who are in active concert or participation with anyone described herein, who receive actual

notice of it by personal service or otherwise.  The Court finds no legal basis to order otherwise.

Further, the undersigned finds that an injunction explicitly restraining and enjoining acts that

may occur on the property of a non-party is not warranted or supported by the evidence in this case.

Additionally, in an effort to tailor the injunction as is necessary by the facts of this case, this Court

will not order law enforcement officers, state or federal, to do any more than is their duty to properly

effectuate the administration of their agencies.  Put another way, the Court finds no reason to order

law enforcement agencies to do what they are already duty bound to do.  This Court finds no basis

upon which to fashion an injunction that is broader than that which is required.  Thus, Plaintiff's

request for an order that specifically "empower[s] and authorize[s] federal, state and local law

enforcement authorities" to take the requested action is not warranted at this time.

## IV.  CONCLUSION

For the foregoing reasons, the court does hereby **GRANT IN PART** Plaintiff's Motion For

a Preliminary Injunction (Document No. 4) and **DENY** Defendants' Motion For View (Document

No. 40).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party.

ENTER:        February 26, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

17