**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

MARFORK COAL COMPANY,

                Plaintiff,

v.                                 CIVIL ACTION NO.  5:10-cv-00069

DAVID AARON SMITH, et al.,

                Defendants.

**ORDER GRANTING
<u>PRELIMINARY INJUNCTION</u>**

On January 25, 2010, Plaintiff Marfork Coal Company, Inc. ("Marfork"), by counsel, came and presented to the Court its Verified Complaint against the above-named Defendants, together with evidence filed in support thereof, and thereupon Plaintiff moved the Court to enter a Preliminary Injunction pending a trial on the merits of this case.  Upon consideration of the motion, the memorandum in support thereof, and in opposition thereto, the evidence adduced at the February 23, 2010 evidentiary hearing on the motion and the entire record herein, the Court does **FIND**, that Plaintiff is entitled to a Preliminary Injunction as set forth herein to preserve the status quo pending trial on the merits of Plaintiff's claims.

Pursuant to the Court's ruling on February 26, 2010, the Court makes the following findings:

1.      That the Beetree Surface Mine ("Beetree Surface Mine") is located in Raleigh County, West Virginia.

Case 5:10-cv-00069 Document 44 Filed 02/26/10 Page 2 of 7 PageID #: 308

Marfork Coal Company, Inc. v. Smith, et al.

2.    That Marfork possesses certain legal interests in the surface rights of the Beetree Surface Mine property, including the rights of possession and use of the property.

3.    That, on January 21, 2010, Defendants and persons in active concert or participation with them unlawfully trespassed upon the Beetree Surface Mine property and thereby knowingly, intentionally and unlawfully interfered with mining operations being conducted thereon, by, among other things:

(a)    knowingly, intentionally and unlawfully entering the Beetree Surface Mine property without consent or permission;

(b)    trespassing on the Beetree Surface Mine property on and around areas where Marfork is engaged in the production of coal for sale and, thereby, exposed themselves and Marfork's employees and contract personnel to a substantial risk of severe physical injury and/or death;

(c)    continuing to trespass on the Beetee Surface Mine property after having been asked to leave the property by representatives of Marfork; and

(d)    as to three of the defendants, David Aaron Smith, Amber Nitchman, and Eric Blevins, evading arrest by climbing into and occupying trees on the Beetree Surface Mine property and refusing to leave the property even at the direction of the West Virginia State Police.

4.    That, on January 21, 2010, wherein Defendants knowingly, intentionally, and unlawfully came onto the Beetree Surface Mine property, despite requests by Marfork's employees that said Defendants (I) cease and desist their unlawful conduct and (ii) leave the property, Defendants refused to leave.  Defendants David Aaron Smith, Amber Nitchman, and Eric Blevins,

Marfork Coal Company, Inc. v. Smith, et al.

instead continued to occupy trees on Marfork's property. Defendants Joshua Graupera and Isabelle Rozendaal remained on the ground under the trees and then were arrested by the West Virginia State Police. Defendants Graupera and Rozendaal thereafter posted bail and were released from jail. Defendant David Aaron Smith, continued his trespass until January 25, 2010 at which point he indicated that he intended to end his trespass. Defendant Smith was promptly arrested by the West Virginia State Police subsequently posted bail and has been released from jail. Defendants Amber Nitchman and Eric Blevins continued their trespass until January 29, 2010 - in direct contravention of this Court's Temporary Restraining Order - before indicating that they intended to end their trespass due to impending inclement weather. Defendants Nitchman and Blevins were promptly arrested by the West Virginia State Police and have subsequently posted bail and have been released from jail.

    5.    That, early in the morning of January 26, 2010, two more trespassers, including Bernard Stephen Fiorillo, entered the Beetree Surface Mine property without consent or permission for the alleged purpose of "resupplying" Defendants Nitchman and Blevins. Fiorillo was caught and later arrested by the West Virginia State Police. Fiorillo subsequently posted bail and has been released from jail. Another unknown suspect was observed trespassing with Fiorillo, and that person fled the scene, running away in the dark early morning hours.

    6.    That, later in the night of January 26, 2010 (and continuing into the early morning of January 27, 2010), yet another trespasser, David Eli Baghdadi, entered the Beetree Surface Mine property without consent or permission for the alleged purpose of "resupplying" Defendants

3

Marfork Coal Company, Inc. v. Smith, et al.

Nitchman and Blevins, and he was caught and later arrested by the West Virginia State Police. Baghdadi subsequently posted bail and has been released from jail.

7.      That Defendants and persons in active concert or participation with them have exhibited a pattern of continued and repeated trespass on Marfork mining properties, including but not limited to Marfork's Beetree Surface Mine, and have indicated that they will continue trespassing on such properties, irrespective of monetary fines or the threat of criminal prosecution, until their purported cause of abolishing the lawful practice of mountain top mining is accomplished. Defendant Blevins was arrested for trespassing upon Marfork property on May 23, 2009. Defendants Smith, Nitchman and Blevins have indicated that, absent inclement weather, they would have continued their trespass until Marfork ceased mining operations at the Beetree Surface Mine.

8.      That Defendants and persons in active concert or participation with them have trespassed onto the Beetree Surface Mine property, in which Marfork has a recognized legal interest, thereby proximately causing and threatening to further proximately cause Marfork irreparable harm and endanger the safety and well being of the properties at issue, as well as the safety of Marfork's employees and contract personnel and of Defendants themselves.

9.      That Defendants and persons in active concert or participation with them have undertaken and expressed their intent to continue to undertake actions that pose a threat to the public safety, the safety of Marfork's employees and contract personnel and Defendants' own safety.

10.      That Defendants and persons in active concert or participation with them have interfered with Marfork's right of exclusive possession and use of the Beetree Surface Mine property

4

Marfork Coal Company, Inc. v. Smith, et al.

through Defendants' trespass thereon and interruption with the coal production activities being conducted therein.

11.     That the harm of interfering with the Plaintiff's right to the exclusive use of the Beetree Surface Mine property and Marfork's legally recognized interests therein, are irreparable and incapable of determination or calculation with any precision.

12.     That Marfork has no adequate remedy at law to protect itself from Defendants' continuing conduct and threats to continue the same.

The Court further finds that Defendants have no lawful right to engage in the activities described herein.  Defendants have no recognized legal interest in entering onto the Beetree Surface Mine property and shall suffer no harm from being enjoined or restricted from engaging in such unlawful activity.  The Defendants had no permission to enter on the property and their entry onto the Beetree Surface Mine property was a trespass.  Therefore, Plaintiff has clearly shown that it has a strong likelihood of prevailing on the merits in this case. The equities of the case tip heavily in favor of the Plaintiff.  The entry of this Preliminary Injunction shall benefit the public interest and ensure the general safety of Marfork's employees, contract personnel and even the Defendants themselves.  In the absence of such injunctive relief, Plaintiff will be irreparably harmed by the unlawful conduct described herein, as well as, the continuing threat of such unlawful conduct.

Accordingly, it is hereby **ORDERED** that:

Defendants, and their officers, agents, servants, employees, and attorneys, and those other persons who are in active concert or participation with Defendants (or their officers, agents, servants, employees or attorneys), who receive actual notice of this preliminary injunction by

5

Marfork Coal Company, Inc. v. Smith, et al.

personal service or otherwise, are hereby restrained and enjoined until completion of a trial on the merits of this case or until further order of this Court from doing, or causing to be done, the following:

(a)     Trespassing or otherwise congregating on any of the Marfork mining properties in the Southern District of West Virginia, including but not limited to, Marfork's Beetree Surface Mine property in Raleigh County, West Virginia; and

(b)     Interfering, obstructing, blocking, impeding or tampering with any Marfork coal operating equipment, trucks or other vehicles of Marfork mining properties within the Southern District of West Virginia.

It is further **ORDERED** that copies of this Order shall forthwith be served upon the Defendants, and service thereof shall be due notice to each of them, of this Preliminary Injunction, and copies of this Order shall be posted in conspicuous places at or about the entrances to Marfork's Beetree Surface Mine property, and other Marfork mining property in the Southern District of West Virginia or on the roads leading to said properties, and such posting thereof shall be prima facie evidence of due notice to Defendants, and to their officers, agents, servants, employees and attorneys, and to those other persons who are in active concert or participation with Defendants (or their officers, agents, servants, employees or attorneys).

It is further **ORDERED** that, upon a finding of contempt for a future violation of this Preliminary Injunction by any of the above-named Defendants, or by their officers, agents, servants, employees, or attorneys, or by those other persons who are in active concert or participation with Defendants (or their officers, agents, servants, employees or attorneys), who receive actual notice

Marfork Coal Company, Inc. v. Smith, et al.

of this Preliminary Injunction by personal service or otherwise, such contemnor shall be subject to a civil penalty per violation of this Order to be determined by this Court, payable to Marfork, in addition to any other damages sustained by Marfork from such violation, and/or criminal contempt; and that the Court shall retain jurisdiction over this Preliminary Injunction

It is further **ORDERED** that this Preliminary Injunction shall remain in effect until a trial is held on the merits of Plaintiff's claims in the Verified Complaint in the United States District Court for the Southern District of West Virginia, Beckley Division, before the Honorable Irene C. Berger, Judge.

The foregoing Preliminary Injunction shall take effect immediately. The bond Marfork has filed with the Clerk of the United States District Court for the Southern District of West Virginia, Beckley Division, with the approved security and a penalty of at least the sum of $100,000, conditioned to pay all costs and damages which may be incurred or sustained by Defendants by reason of a later determination that they have been wrongly enjoined or restrained by the issuance of this Court's Temporary Restraining Order shall remain in effect and support this Preliminary Injunction. The Court preserves the objections and exceptions of any party aggrieved by any portion of this order.

Issued this **26th day of February, 2010 at 5:30 p.m.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

7