**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**MARFORK COAL COMPANY,**

   **Plaintiff,**

**v.**              **Civil Action No. 5:10-cv-00069**

**DAVID AARON SMITH, et al.,**

   **Defendants.**

**ANSWER AND AFFIRMATIVE DEFENSE**

Now come the defendants, by counsel, and for their Answer to plaintiff's Verified Complaint state as follows:

**FIRST AFFIRMATIVE DEFENSE**

Defendants assert as a defense the moral imperative that exists to protect the environment for future generations which governs any and all actions which they have undertaken.  These imperatives grow out of the higher law of necessity which requires defendants and others to protect the land against wanton, permanent, immoral destruction of the Earth, all for profit.

**SECOND AFFIRMATIVE DEFENSE
(Duress)**

Defendants, neighbors and millions of people living downstream from plaintiff's illegal mining operations are under continued duress in the form of water polluted with toxic heavy metals, destruction of future resources, destruction of local and regional heritage and other forms of duress associated with the plaintiff's illegal activities.

## THIRD AFFIRMATIVE DEFENSE
### (Illegality)

The plaintiff's mining operations that consist of blowing up mountaintops and moving millions of acres of loose rock and dirt whcih contains toxic heavy metals into the adjacent valley celarly violates the Clean Water Act.  Futhermore, plaintiff's illegal mining activities consitute a criminal public nuisance in that mountaintop removal mining threaten the health, morals, safety, comfort, convenience, and welfare of neighboring and host communities.  Additionally, plaintiff's unreasonable, unwarranted and unlawful use of the land they lease constitutes a private nuisance by interfering with neighboring property owners' right to the peaceful enjoyment of their land.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs come with unclean hands as described in defendants affirmative defense of illegality.

## ANSWER

1. Defendants admit the allegations contained in Paragraph 1;

2. Defendants admit the allegations contained in Paragraph 2;

3. Defendants admit the allegations contained in Paragraph 3;

4. Defendants admit the allegations contained in Paragraph 4;

5. Defendants admit the allegations contained in Paragraph 5;

6. Defendants admit the allegations contained in Paragraph 6;

7. Defendants admit the allegations contained in Paragraph 7;

8. Defendants deny the allegations contained in Paragraph 8 for the reasons enunciated in

their motion to dismiss, but acknowledge that the Court has denied their motion;

9.  Defendants deny the allegations contained in Paragraph 9 for the same reasons as enunciated above in their Answers to Paragraph 8;

10.  Defendants admit the allegations contained in Paragraph 10;

11.  Defendants deny that they engaged in an unlawful trespass as alleged in Paragraph 11 and demand strict proof thereof;

12.  Defendants admit the allegations contained in Paragraph 12;

13.  Defendants deny the allegations contained in Paragraph 13 for lack of knowledge and demand strict proof thereof;

14.  Defendants deny the allegations contained in Paragraph 14 for lack of knowledge, except they admit that Marfork conducts the mining operations on the property;

15.  Defendants deny the allegations contained in Paragraph 15 for lack of knowledge and demand strict proof thereof;

16.  Defendants deny the allegations in Paragraph 16 that plaintiffs' activities are lawful, but admit the remainder of the allegations;

17.  Defendants deny the allegations in Paragraph 17 for lack of knowledge and demand strict proof thereof.

18.  Defendants deny the allegations contained in Paragraph 18 for lack of knowledge and demand strict proof thereof;

19.  Defendants assert their 5th Amendment rights and respectfully refuse to Answer the allegations of Paragraph 19;

20.  Defendants assert their 5th Amendment rights and respectfully refuse to Answer the

allegations of Paragraph 20;

21.  Defendants assert their 5th Amendment rights and respectfully refuse to Answer the allegations of Paragraph 21;

22.  Defendants assert their 5th Amendment rights and respectfully refuse to Answer the allegations of Paragraph 22;

23.  Defendants assert their 5th Amendment rights and respectfully refuse to Answer the allegations of Paragraph 23, except they admit that on January 21, 2010, State Police arrested Graupera and Roendaal;

24.  Defendants deny the allegations in Paragraph 24 that they are members of or affiliated with Climate Ground Zero, Mountain Justice or other environmental groups as said allegations do not specifically quantify the "relationships."  Defendants admit that they as individuals advocate the abolition of mountaintop mining by all mining companies, including the plaintiff;

25.  Defendants deny the allegations contained in Paragraph 25;

26.  Defendants deny the allegations contained in Paragraph 26 that any of their acts constituted unlawful trespass or that they hope to encourage anyone to be unsafe, disrupting, or unlawful.  Defendants admit that through their non-violent civil disobedience they hope to abolish mountaintop removal mining and or "contour mining" such as practiced by plaintiffs;

27.  Defendants deny the allegations contained in Paragraph 27 that they committed any unlawful activity or put anyone in danger.  Defendants deny the conclusions proposed by plaintiff;

28.  Defendants deny the allegations contained in Paragraph 28 and assert their 5th

-4-

Amendment privileges;

29.  Defendants deny the allegations contained in Paragraph 29;

30.  Defendants deny the allegations contained in Paragraph 30;

31.  Defendants deny the allegations contained in Paragraph 31;

32.  Defendants deny the allegations contained in Paragraph 32;

33.  Defendants deny the allegations contained in Paragraph 33;

34.  Defendants deny the allegations contained in Paragraph 34;

35.  Defendants deny the allegations contained in Paragraph 35;

36.  Defendants deny the allegations contained in Paragraph 36;

37.  Defendants deny the allegations contained in Paragraph 37;

38.  Defendants incorporate herein their Answers to Paragraphs 1 through 37, above.

39.  Defendants deny the allegations contained in Paragraph 39, for lack of knowledge, that possession by Marfork is legal and demand strict proof thereof;

40.  Defendants assert their 5th Amendment rights and respectfully refuse to Answer the allegations of Paragraph 40;

41.  Defendants assert their 5th Amendment rights and respectfully refuse to Answer the allegations of Paragraph 41;

42.  Defendants assert their 5th Amendment rights and respectfully refuse to Answer the allegations of illegal activities contained in Paragraph 42, and further deny that plaintiff suffered any damages or that plaintiff's employees were at risk of harm;

43.  Defendants deny the allegations contained in Paragraph 43;

44.  Defendants incorporate herein their Answers to Paragraphs 1 through 43, above;

-5-

45.  Defendants admit the allegations contained in Paragraph 45;

46.  Defendants deny the allegations contained in Paragraph 46 for lack of knowledge and demand strict proof thereof;

47.  Defendants deny the allegations contained in Paragraph 47;

48.  Defendants deny the allegations contained in Paragraph 48;

49.  Defendants deny the allegations contained in Paragraph 49;

50.  Defendants deny the allegations contained in Paragraph 50;

51.  Defendants deny the allegations contained in Paragraph 51;

52.  Defendants incorporate herein their Answers to Paragraphs 1 through 51, above;

53.  Defendants deny the allegations contained in Paragraph 53;

54.  Defendants deny the allegations contained in Paragraph 54, including subparts a, b, c, and d;

55.  Defendants deny the allegations contained in Paragraph 55, including subparts a, b, c, and d;

56.  Defendants deny the allegations contained in Paragraph 56;

57.  Defendants deny each and every allegation contained in plaintiff's Verified Complaint not specifically addressed herein.

WHEREFORE, defendants demand that this Court deny the relief sought by the plaintiff and award the defendants fees and costs associated with responding to their Complaint, and for other further work necessary to defend this case, and other relief deemed just and fair by this Court.  Defendants assert that the plaintiff is not entitled to any relief as requested.

**DEFENDANTS DEMAND A TRIAL BY JURY.**

                                                            **David Aaron Smith, et al.**
                                                            **By counsel**

 **/s/ Roger D. Forman**
**Roger D. Forman (WV Bar# 1249)**
**Thomas A. Rist (WV Bar#9100)**
**FORMAN & RIST, L.C.**
**100 Capitol Street, Ste. 400**
**Charleston, WV 25301**
**304-346-6300**

**David Dawson ( WV Bar# 10739)**
**RR2 Box 355**
**Charleston, WV 25314**
**352-233-9477**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**MARFORK COAL COMPANY,**

     **Plaintiff,**

**v.**                                                                 **Civil Action No. 5:10-cv-00069**

**DAVID AARON SMITH, et al.,**

     **Defendants.**

**CERTIFICATE OF SERVICE**

I, Roger D. Forman, do hereby certify that on the 2nd day of March, 2010, I have

electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court

using the CM/ECF system, which will send notification of said filing to the following:

     **Samuel M. Brock, Esq.**
     **Andrew B. McCallister, Esq.**
     **300 Kanawha Blvd., East**
     **Charleston, WV 25301**


                                  **/s/ Roger D. Forman**
                                  **Roger D. Forman (WV Bar# 1249)**
                                  **Thomas A. Rist (WV Bar#9100)**
                                  **FORMAN & RIST, L.C.**
                                  **100 Capitol Street, Ste. 400**
                                  **Charleston, WV 25301**
                                  **304-346-6300**