IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MARFORK COAL COMPANY,

                    Plaintiff,

v.                                                  CIVIL ACTION NO.  5:10-cv-00069

DAVID AARON SMITH, et al.,

                    Defendants.


**MEMORANDUM OPINION AND ORDER**

This Court has reviewed Plaintiff Marfork Coal Company, Inc.'s Motion to Dismiss Counterclaim (Document No. 58) and Defendants' Second Motion to Amend [their Answer] to Add Further Counterclaim (Document No. 61).  For the reasons set forth below, the Court grants Plaintiff's motion and denies Defendants' motion.

### I.  BRIEF BACKGROUND

On January 25, 2010, Plaintiff, Marfork Coal Company, a West Virginia corporation "engaged in the production and sale of coal," initiated this civil action against David Aaron Smith, Amber Nitchman, Eric Blevins, Joshua Francisco Graupera, and Isabelle Rozendaal (collectively, "Defendants") to challenge Defendants' alleged unlawful trespass upon the Beetree Surface Mine ("Surface Mine") property located on Coal River Mountain in Raleigh County, West Virginia.  *See* Verified Complaint (Document No. 1), ¶¶ 1-6.  Plaintiff alleges, in its complaint, that it is the lessee of mining rights at the Beetree Surface Mine; that it uses "explosives to blast rock and coal" as a

Marfork Coal Co., Inc. v. Smith, et al.

precursor to coal removal (*id.* ¶16); that Defendants entered upon the Surface Mine property without

authorization and consent on January 21, 2010 (*id.* ¶19); that Defendants refused to vacate the

property despite  numerous requests to do so (*id.* ¶21-22); that Defendants Graupera and Rozendaal

were arrested and removed from the property by the West Virginia State Police on January 21, 2010,

however, Defendants Smith, Nitchman, and Blevins climbed trees on the Surface Mine Property to

evade Plaintiff's security personnel and the West Virginia State Police (*id.* ¶23); that Defendants

Smith, Nitchman and Blevins established a platform to allow them to remain in the trees on Beetree

Surface Mine property, and that on January 25, 2010, one of the three Defendants climbed down from

the tree and was taken into custody. (*Id.*)  However, the remaining two Defendants remained in their

trees as of the date this action was initiated.[1]  Plaintiff asserts three claims against the individually

named Defendants for trespass; tortious interference with business relations and civil conspiracy. (*Id.*

¶¶ 38-56.).[2]

## II.  PROCEDURAL HISTORY

Plaintiff, on January 25, 2010, moved for a temporary restraining order ("T.R.O.") and

preliminary injunction against the Defendants.  After a hearing on the motion on January 27, 2010,

the undersigned granted the T.R.O.  (Memorandum Opinion and Order (Document No. 12)).  On

February 3, 2010, Defendants moved to dismiss the instant matter for want of subject matter

---

[1]  This Court notes that it subsequently learned from other proceedings in this matter that Defendant Smith remained in the tree until January 25, 2010; Defendants Nitchman and Blevins climbed out of the trees on January 29, 2010.  *See* Response in Opposition to Defendants' Motion to Dismiss ("Pl.'s Oppn") (Document No. 34) at 4.  However, for the purposes of the motions considered herein, the Court will only consider the facts alleged in the pleadings.

[2]  This Court has previously provided an overview of Plaintiff's allegations in its January 27, 2010 Memorandum Opinion and Order.  (*See* Document No. 12.)

Marfork Coal Co., Inc. v. Smith, et al.

jurisdiction by challenging the Plaintiff's ability to meet the Seventy-Five Thousand Dollars ($75,000) amount-in-controversy requirement.[3]   On February 22, 2010, the undersigned denied Defendants' motion finding that the requisite jurisdictional amount was sufficiently alleged and supported in the Complaint and that jurisdiction was proper in the District Court.  (Memorandum Opinion and Order (Document No. 37.))   The following day, the Court held an evidentiary hearing with respect to Plaintiff's motion for a preliminary injunction. On February 26, 2010, this Court granted in part Plaintiff's motion for a preliminary injunction which was narrowly tailored to preserve the status quo in the litigation.  (Memorandum Opinion and Order (Document No. 43.))

Thereafter, on March 3, 2010, Defendants filed an answer to the Complaint, wherein they raise various affirmative defenses and deny that they engaged in an unlawful trespass upon the Beetree Surface Mine property   (Answer and Affirmative Defense (Document No. 47), ¶¶ 11.)

The Court issued a scheduling Order on May 4, 2010, which established, *inter alia*, a deadline of June 21, 2010, for the amendment of pleadings by the parties.  (Scheduling Order (Document No. 51)). On June 15, 2010, Defendants moved to amend their answer to add a counterclaim for intentional infliction of emotional distress (Document No. 55).  The undersigned granted that motion on June 17, 2010 (Order (Document No. 56.); *see* Amended Answer and Affirmative Defense (Document No. 57.))  On July 15, 2010, Defendants moved again to amend their answer to add an additional counterclaim which alleged an assault and battery by the Plaintiff as a result of loud noise and bright lights. (Defendants' Second Motion to Amend [their Answer] to Add Further Counterclaim (Document No. 61.))

---

[3]   The Court extended the T.R.O. on February 4, 2010, and February 23, 2010.  *See* Order (Document Nos. 29, 39).

Marfork Coal Co., Inc. v. Smith, et al.

The Defendants' asserted counterclaims are the subject of the instant motions.  Plaintiff moved on July 1, 2010, to dismiss Defendants' counterclaim (Document No. 58); Defendants opposed that motion on July 15, 2010 (Document No. 62), and Plaintiff filed its reply on July 22, 2010 (Document No. 63).  On July 29, 2010, Plaintiff contested Defendants' motion to amend their answer to add a further counterclaim (Document No. 66).  Defendants did not file a reply.   The motions are now ripe for the Court's consideration.

### III.   PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

#### A.  Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading.  *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" (*Id.*)  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  This pleading standard requires that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint [or counterclaim] must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. — , —, 129 S.Ct. 1937,

4

Marfork Coal Co., Inc. v. Smith, et al.

1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." (*Id.*) The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." (*Id.*) Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). Such "factual allegations must be enough to raise a right to relief above the speculative level." (*Twombly*, 550 U.S. at 555.) "Determining whether a complaint [or counterclaim] states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." (*Iqbal*, 129 S.Ct. at 1950). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]"– "that the pleader is entitled to relief." (*Id.*) (quoting Fed.R.Civ.P. 8(a)(2)).

### B. Discussion

In their Counterclaim, Defendants allege that "during the time [they] were protesting mountaintop removal mining practices of [P]laintiff [on Plaintiff's property], [P]laintiff was taking action against them which were intended to harass and injure them[.]" (Amended Answer and Affirmative Defense ("Amended Answer") (Document No. 57) at 7.) Specifically, Defendants allege that Plaintiff:

> a.    us[ed] loud noise and bright lights to deprive them of needed sleep, and to harass them;
> b.    upon information and belief said action and others were dangerous to the [D]efendants both mentally and physically and were

Marfork Coal Co., Inc. v. Smith, et al.

> used to cause harm to them and were in disregard to their personal
> safety.
>      Said behavior caused both physical discomfort and mental
> distress as was planned by [P]laintiff.  Said behavior constitutes the
> tort of outrage.

(*Id.*)  Defendants seek "damages for plaintiff's harassment." (*Id.*)

Plaintiff moves for the dismissal of Defendants' counterclaim on the grounds that Defendants failed to plead facts sufficient, under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, to establish notice of the counterclaim and to state a claim to relief that is plausible.  To begin, Plaintiff contends that Defendants' counterclaim appears to only allege a claim for the tort of outrage/intentional infliction of emotional distress, notwithstanding the reference to "outrageous conduct," "harassment," and "negligent infliction of emotional distress" in the heading of the counterclaim.  This Court agrees.  A review of Defendants' counterclaim reveals that Defendants do not assert that their counterclaim is for anything other than the tort of outrage /intentional infliction of emotional distress.  (*See* Amended Answer at 7) (Defendants allege that "[s]aid behavior constitutes the tort of outrage[]"); *see also* Defendants' Memorandum in Opposition to 'Motion to Dismiss Counterclaim' ("Defs.' Oppn.") (Document No. 62), at 6) (Defendants argue that "the Counterclaim contains non-conclusory allegations on the elements of intentional infliction of emotional harm[.]")

West Virginia recognizes a cause of action for the tort of outrage or for the intentional infliction of emotional distress.  *Harless v. First Nat. Bank in Fairmont*, 169 W.Va. 673 (1982).  The West Virginia Supreme Court of Appeals has held that the elements of a claim for intentional infliction of emotional distress are: (1) that the Plaintiff's conduct was atrocious, intolerable, and so

Marfork Coal Co., Inc. v. Smith, et al.

extreme and outrageous as to exceed the bounds of decency; (2) that the Plaintiff acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from its conduct; (3) that the actions of the Plaintiff caused the Defendants to suffer emotional distress; and, (4) that the emotional distress suffered by the Defendants was so severe that no reasonable person could be expected to endure it. *Travis v. Alcon Laboratories, Inc.*, 202 W. Va. 369 (W. Va. 1998).

In its Motion to Dismiss, Plaintiff contends that Defendants' counterclaim is "full of unadorned accusations and naked assertions with no facts to back them up[,]"(Motion to Dismiss ("Pl.'s Mot.") (Document No. 58), ¶4) and assuming that the counterclaim does not violate Rule 8, it "does not provide sufficient facts for the Court to draw a reasonable inference that Plaintiff is liable for the tort of outrage" (*id.* ¶ 5). Plaintiff agues that, assuming the facts in the complaint are true, Defendants cannot satisfy all of the four elements of the cause of action; that the counterclaim "contains conclusory statements about harm without providing any information on what sort of actual harm, if any, Defendants suffered." (Plaintiff Marfork's Coal Company, Inc.'s Memorandum of Law in Support of its Motion to Dismiss Counterclaim ("Pl.'s Memo.") (Document No. 59) at 6, 7-10.) Plaintiff also argues that Defendants did not specify which individual Defendants are alleging the claim, the sort of mental distress or physical discomfort suffered or when, where, or how the activities occurred. (*Id.*, ¶ 6); (*see* at 7-10.)

Defendants maintain that they have sufficiently pled "non-conclusory allegations on the elements of intentional infliction of emotional harm, and at a minimum, pleads sufficient facts when read *in pari materia* with the allegation that Plaintiff has committed the tort of outrage." (Defendants'

Marfork Coal Co., Inc. v. Smith, et al.

Memorandum in Opposition to Motion to Dismiss Counterclaim ("Defs.' Oppn") (Document No. 62) at 6.) Defendants argue that their non-conclusory allegations support their claim and fulfill the requirement of Rule 8 of the Federal Rules of Civil procedure. (Defs.' Oppn at 4.)  However, Defendants seemingly recognize that their counterclaim is thin on facts in that they state they acknowledge that they have "identified in summary fashion the real-world acts " which they believe entitle them to relief and assert that under the rule "there is no need . . . for an elaborate presentation of extensive allegations."   (*Id.* at 6.)  Defendants maintain that they have "suggested [their] entitlement to relief."  However, the Court disagrees.

Assuming, without deciding, that Defendants' allegations of Plaintiff's conduct is adequate to satisfy Rule 8 and sufficient to establish the first element of the tort as conduct which is atrocious, intolerable and extreme and outrageous, Defendants' counterclaim is fatally flawed.  Defendants assert that Plaintiff used bright lights and loud noises to "deprive them of sleep and to harass them." These actions–and others not detailed by the Defendants–are regarded as "dangerous" and "used to cause harm to [the Defendants] and were in disregard of their personal safety."  Defendants assert allegations that contemplate their concern about alleged conduct which would have an impact on their physical well-being, rather than any severe emotional distress.  To be sure, Defendants, in their opposition, argue that it is"[l]egitimately inferable from these facts . . .  that the actions taken by Marfork against Defendants were aggressive, intentional acts . . . that by the inherent nature of those actions, aiming large offensive noises and lights at people well above the ground in trees-those acts were recklessly done to cause *physical* harm to the Defendants, either of a continuing or even permanent nature (hearing loss) or as by *causing them to fall to their injury or death*."  (Defs.' Oppn

Marfork Coal Co., Inc. v. Smith, et al.

at 4.) (Emphasis supplied).  Although, in their opposition, Defendants allege facts which were not included in their counterclaim, even on these allegations, Defendants fail to sufficiently plead facts which "raise a right to relief [for a claim for intentional infliction of emotional distress] above the speculative level," given Defendants' assertions that Plaintiff's conduct was intended to cause physical harm not *emotional* distress.

Furthermore, the counterclaim does not contain facts that Defendants suffered from severe emotional distress, let alone extreme emotional distress.  Assuming the allegation is true that Defendants suffered "physical discomfort and mental distress," there may be facts sufficient to bypass the pleading standard of Rule 8, but there are no facts alleged which would allow the Court to infer the severity of the distress to support a "plausible" claim for relief.  The West Virginia Supreme Court of Appeals, in discussing this cause of action, stated:

> one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

*Harless*, 169 W.Va. at 693. In *Travis*, the West Virginia Supreme Court of Appeals held that "[s]evere emotional distress includes (but is not limited to) such reactions as mental suffering and anguish, shock, fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea." *Travis,* 202 W.Va. at 380.  Consulting the Restatement of Torts (Second), § 46, comment (j) (1965), the West Virginia Supreme Court of Appeals cautioned that "it is only where the emotional distress is extreme that the liability arises.  Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people.  The law intervenes only where the distress

9

Marfork Coal Co., Inc. v. Smith, et al.

inflicted is so severe that no reasonable man could be expected to endure it." (*Id.*) (citation omitted.) Therefore, a review of the Defendants' counterclaim reveals that Defendants have not alleged "enough facts to state a cognizable legal claim that is plausible on its face." (*Iqbal*, 129 S.Ct. at 1950).

Additionally, the Court finds the Defendants' argument, that the result herein would be different if this case were litigated in state court because the West Virginia Supreme Court has expressly declined to adopt *Iqbal* and *Twombly*, is of no moment. This court has subject matter jurisdiction over this case and the Federal Rules of Civil Procedure and the laws interpreting them are applicable herein. Likewise, Defendants do not find favor in their discussion of the Boylston Street collision pleading problem. For these reasons, Plaintiff's motion to dismiss Defendants' counterclaim is granted.

### IV. DEFENDANTS' SECOND MOTION TO AMEND TO ADD FURTHER COUNTERCLAIM

Rule 15 of the Federal Rules of Civil Procedure typically governs amendments to pleadings. A party, after it has amended its pleading once as a matter of course, "may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). The Rule further provides that "[t]he court should freely give leave [to amend] when justice so requires." (*Id.*). However, this opportunity for amendment is not without its limits. As interpreted by the Fourth Circuit Court of Appeals, a motion to amend should be denied only where it would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001); *Johnson*

Marfork Coal Co., Inc. v. Smith, et al.

*v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).  However, a motion to amend a complaint or counterclaim filed after the proscribed deadline established in the Court's scheduling order creates "tension" between Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).  Rule 16(b) governs scheduling orders and provides that "[a] schedule may be modified only for good case and with the judge's consent." Fed.R.Civ.P. 16(b)(4).  The Fourth Circuit, in a published opinion, resolved the "conflict between these two provisions" in a manner like most other circuits by requiring an amendment to meet the more rigorous standard of Rule 16(b)–the good cause standard–once the deadline to amend within the court's scheduling order has passed.  *Parvizian*, 535 F.3d at 298; *Montgomery v. Anne Arundel County*, 182 Fed.Appx. 156, 162 (4th Cir. 2006) (unpublished); *Parsons v. Best Buy Stores*, Civil Action No. 3:09-0771, 2010 WL 2990768, at *1 (S.D. W. Va. July 27, 2010);  *see also* 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, <u>Federal Practice and Procedure</u> , § 1522.2 (3d ed. 2010) (Rule 16(b)(4) "specifically provides . . . that the [scheduling] order can be modified only upon a showing of good cause and with the judge's consent. . . . Indeed, to the extent that other federal rules, such as Rule 15 governing pleading amendments, contain a more lenient standard than good cause, the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15.")

Defendants seek to add a counterclaim for assault and battery as a result of alleged tortuous conduct caused by Plaintiff's security guards "yell[ing] loudly" and "point[ing] high powered lihgts" [sic] at Defendants while they were "in trees and assisting those in the trees" on Plaintiff's property.

11

Marfork Coal Co., Inc. v. Smith, et al.

Defendants' Second Motion to Amend to Add Further Counterclaim (Document No. 61) at 1. There is no dispute that Defendants' motion is outside of the applicable deadline in this Court's scheduling order. With a searching eye for good cause, the Court has considered Defendants' motion, but found none. Despite acknowledging that their motion was filed after the relevant deadline, Defendants fail to show good cause in support of their motion. Moreover, Defendants fail to explain why this counterclaim was not raised prior to the deadline. Instead, Defendants merely state in one sentence that "Rule 15 and the case law provide [sic] that the Courts should liberally grant amendments." Defendants neither assert the case law to which they refer, nor consider the impact of Rule 16 of the Federal Rules of Civil Procedure on their motion. Plaintiff, in its response argues, among other things, that Defendants fail to assert any good cause for the instant motion considering that the facts which they allege support their counterclaim "have been known to them since they filed their Answer in March 2010[.]" Plaintiff Marfork Coal Company, Inc.'s Response to Defendants' Second Motion to Amend to Add Further Counterclaim (Document No. 66) at 1. Notably, Defendants did not file a reply disputing this contention. Given the Defendants' failure to show good cause to support their motion to amend, pursuant to Rule 16 of the Federal Rules of Civil Procedure, this Court denies Defendants' motion.

## V.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Plaintiff Marfork Coal Company, Inc.'s Motion to Dismiss Counterclaim (Document No. 58) is **GRANTED** and Defendants' Second Motion to Amend [their Answer] to Add Further Counterclaim (Document No. 61) is **DENIED**.

Marfork Coal Co., Inc. v. Smith, et al.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          February 23, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

13