IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MARFORK COAL COMPANY, INC., a**
**West Virginia corporation,**

      **Plaintiff,**

**v.**                                                    **CIVIL ACTION NO. 5:10-cv-0069**

**DAVID AARON SMITH, AMBER NITCHMAN,**
**ERIC BLEVINS, JOSHUA FRANCISCO GRAUPERA,**
**and ISABELLE ROZENDAAL,**

      **Defendants.**

### STIPULATED ORDER GRANTING PERMANENT INJUNCTION

On June 10, 2011, Plaintiff Marfork Coal Company, Inc. ("Marfork"), by counsel, and Defendants David Aaron Smith, Amber Nitchman, Eric Blevins, Joshua Francisco Graupera, and Isabelle Rozendaal ("Defendants"), by counsel, presented to the Court their Settlement Agreement and General Release of Claims and this Stipulated Order Granting Permanent Injunction and jointly moved this Court for entry of this Order.   And the Court, having considered the Verified Complaint and evidence presented at the Preliminary Injunction hearing on February 4, 2010, having considered Plaintiff's Motion for Partial Summary Judgment and the response thereto, and having considered the terms of the Settlement Agreement and General Release of Claims and stipulations made by the parties in this Order, hereby finds and adjudicates that Marfork is entitled to the permanent injunction and other relief as set forth herein.

Upon the stipulated facts presented by the parties, the Court makes the following findings:

1.      The Beetree Surface Mine is located in Raleigh County, West Virginia.

2.     Marfork possesses certain legal interests in the surface rights of the Beetree Surface Mine property, including the rights of possession and use of the property and the right to mine thereunder.

3.     Marfork is a direct or indirect subsidiary or affiliate of Appalachia Holding Company, formerly known as A.T. Massey Coal Company, Inc. ("Appalachia Holding"), which is affiliated with and a subsidiary of Alpha Appalachia Holdings, Inc., formerly known as Massey Energy Company ("Alpha Appalachia").  On June 1, 2011, Alpha Natural Resources, Inc., the direct or indirect parent company of Alpha Appalachia and Appalachia Holding, acquired the stock of Massey Energy Company, and what was formerly known as Massey Energy Company became known as Alpha Appalachia, and what was formerly known as A.T. Massey Coal Company, Inc. became known as Appalachia Holding.

4.     On January 21, 2010, Defendants and other persons in active concert or participation with them unlawfully trespassed on the Beetree Surface Mine property and thereby knowingly, intentionally, and unlawfully interfered with mining operations being conducted thereon, by, among other things:

(a)     entering the Beetree Surface Mine property without consent or permission;

(b)     trespassing on the Beetree Surface Mine property on and around areas where Marfork was engaged in the production of coal and, thereby, increasing the risk of severe physical injury and/or death at the mine site;

(c)     continuing to trespass on the Beetree Surface Mine property after having been asked to leave the property by representatives of Marfork; and

2

(d)    as to three of the Defendants, Smith, Nitchman, and Blevins, evading arrest by climbing into and occupying trees on the Beetree Surface Mine property and refusing to leave the property even at the direction of the West Virginia State Police.

5.    On January 21, 2010, wherein Defendants knowingly, intentionally, and unlawfully entered the Beetree Surface Mine property without consent or permission, despite requests by Marfork's employees that said Defendants (a) cease and desist their unlawful conduct and (b) leave the property, Defendants refused to leave.   Defendants Smith, Nitchman, and Blevins, instead, continued to occupy trees on Marfork's property.   Defendants Graupera and Rozendaal remained on the ground under the trees and then were arrested by the West Virginia State Police and charged with trespassing and conspiracy.   Ultimately, Defendant Graupera pled guilty to trespassing (W.Va. Code §61-3B-3(b)) and conspiracy (W.Va. Code §61-10-31), and Defendant Rozendaal pled guilty to conspiracy (W.Va. Code §61-10-31).   Defendant Smith continued his trespass until January 25, 2010 at which point he became wet and cold and indicated that he intended to end his trespass.   Defendant Smith then was arrested by the West Virginia State Police and charged with trespassing, conspiracy and obstructing an officer. Defendant Smith, ultimately, pled guilty to trespassing (W.Va. Code §61-3B-3(b)).   Defendants Nitchman and Blevins continued their trespass until January 29, 2010 before indicating that they intended to end their trespass due to impending inclement weather.   Defendants Nitchman and Blevins then were arrested by the West Virginia State Police and were charged with trespassing, conspiracy and obstructing an officer.   Defendant Nitchman pled guilty to trespassing (W.Va. Code §61-3B-3(e)).   The charges against Defendant Blevins are still pending.

6.    Early in the morning of January 26, 2010, two additional individuals, including Bernard Fiorillo, unlawfully trespassed on the Beetree Surface Mine property without consent or

permission for the express purpose of "resupplying" Defendants Nitchman and Blevins. Fiorillo was caught in the act and later was arrested by the West Virginia State Police and charged with trespassing and conspiracy. Fiorillo pled guilty to conspiracy (W.Va. Code §61-10-31). Another unknown individual was observed trespassing with Fiorillo, and that individual fled the scene, running away in the dark early morning hours.

7.    Later in the night of January 26, 2010 (and continuing into the early morning of January 27, 2010), yet another individual, David Baghdadi, unlawfully trespassed on the Beetree Surface Mine property without consent or permission for the express purpose of "resupplying" Defendants Nitchman and Blevins. Baghdadi was caught in the act and later was arrested by the West Virginia State Police and charged with trespassing, conspiracy and carrying a concealed deadly weapon (a folding saw). The charge of carrying a concealed deadly weapon was dismissed, but the other charges against Baghdadi are still pending.

8.    A "trespasser" is someone "who goes upon the property or premises of another without invitation, express or implied, and does so out of curiosity, or for his own purpose or convenience, and not in the performance of any duty to the owner." Syl. Pt. 1, Huffman v. Appalachian Power Co., 187 W.Va. 1, 2, 415 S.E.2d 145, 146 (1991); see also Syl. Pt. 7, in part, Lyons v. Fairmont Real Estate Co., 77 S.E. 525, 526 (W. Va. 1912), abrogated on other grounds recognized by Elder v. Smith, 196 W. Va. 660, 474 S.E.2d 590 (1996) ("One who enters upon the bare possession of another is prima facie a trespasser . . . ."). On January 21, 2010, all five Defendants went "upon the property or premises" of Marfork "without invitation" and "for [their] own purpose" (to interfere with coal mining operations), and one of them remained on the property until January 25, 2010 and two more remained on the property until January, 29, 2010. Accordingly, Defendants trespassed on Marfork's Beetree Surface Mine property.

9.     "A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means."  Syl. Pt. 8, in part, Dunn v. Rockwell, 689 S.E.2d 255, 259 (W. Va. 2009).  The law of West Virginia recognizes a cause of action for civil conspiracy.  Kessel v. Leavitt, 511 S.E.2d 720, 753 (W. Va. 1998).  "In order for civil conspiracy to be actionable it must be proved that the defendants have committed some wrongful act or have committed a lawful act in an unlawful manner to the injury of the plaintiff[.]"  Syl. Pt. 1, in part, Dixon v. American Indus. Leasing Co., 253 S.E.2d 150 (W. Va. 1979).  Defendants here, as "a combination of two or more persons," acted in concert to trespass on Marfork's Beetree Surface Mine property and to interfere with Marfork's mining operations.

10.     The concerted actions of Defendants proximately caused Marfork to suffer injuries.  It is of no moment that Graupera and Rozendaal were arrested on the first day of the trespass, or that Smith left his tree before Blevins and Nitchman did; all five Defendants are liable for the full amount of Marfork's damages.  Under the law of civil conspiracy, "liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s)."  Syl. Pt. 9, in part, Dunn, 689 S.E.2d at 259.

11.     As a direct and proximate result of Defendants' unlawful conduct, Marfork has suffered quantifiable economic damages, the amount of which is subject to dispute between the parties, non-quantifiable economic damages in an amount that exceeds its quantifiable economic damages, and additional irreparable harm beyond the economic damages that cannot be quantified with the requisite legal precision.

12.     Because of such irreparable harm, Marfork also seeks permanent injunctive relief against Defendants and their officers, agents, servants, employees, and attorneys, and those other persons in active concert or participation with Defendants (or their officers, agents, servants, employees, or attorneys) to prevent and avoid further trespassing and interference with its mining properties, any of the mining properties of any other direct or indirect subsidiary or affiliate of Appalachia Holding or Alpha Appalachia, and any of the mining properties of any successors or assigns of any rights or interests of Marfork, Appalachia Holding, Alpha Appalachia or any of their respective various direct or indirect subsidiaries or affiliates.

13.     "[T]o obtain a permanent injunction in any type of case, . . . '[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'" Christopher Phelps & Associates, LLC v. Galloway, 492 F.3d 532, 543 (4th Cir. 2007) (quoting eBay, Inc. v. MercExchange, LLC, 126 S. Ct. 1837, 1839 (2006)).  Whether to grant a permanent injunction is in the "equitable discretion" of the Court.  Id.

14.     Marfork has established the four elements necessary for permanent injunctive relief in the instant case.

15.     First, it has suffered an irreparable injury as a result of Defendants' actions.  With respect to real property, "irreparable injury" is that "which 'is not susceptible of remediable damages,'" Wiles v. Wiles, 58 S.E.2d 601, 606 (W. Va. 1950) (quoting Mullens Realty and Ins. Co. v. Klein, 102 S.E. 677, 679 (W. Va. 1920), or "which is 'incapable of measurement by any ordinarily accurate standard,'" id. (quoting Kramer v. Slattery, 103 A. 610, 612 (Pa. 1918)).

Here, certain of Marfork's damages are not susceptible to calculation.   As found by this Court in its Order Granting Preliminary Injunction, "the harm of interfering with the Plaintiff's right to the exclusive use of the Beetree Surface Mine property and Marfork's legally recognized interests therein are irreparable and incapable of determination or calculation with any precision."   Order Granting Preliminary Injunction, ¶ 11.   Further, the potential danger that Marfork's employees and contract personnel were subjected to during Defendants' trespass, and would be subjected to in the event of another trepass, is irreparable.   Id., ¶ 8.   The same is true of the other trespasses that have occurred and have been threatened to occur and continue to occur on the mining properties of other direct or indirect subsidiaries or affiliates of A. T. Massey Coal Company, Inc., now known as Appalachia Holding, or Massey Energy Company, now known as Alpha Appalachia (and their successors and assigns as set forth below).

16.     Second, Marfork has no adequate remedy at law under the circumstances of the instant case.   Id., ¶ 12.   Money damages likely would not compensate Marfork for its quantifiable economic damages because Defendants may well be insolvent, and the remainder of Marfork's economic damages is incalculable.   Furthermore, remedies at law are not adequate here because Defendants and persons in active concert or participation with them have exhibited a pattern of continued and repeated trespass on Marfork's mining properties, including but not limited to Marfork's Beetree Surface Mine, and on the mining properties of other direct or indirect subsidiaries or affiliates of A.T. Massey Coal Company, Inc., now known as Appalachia Holding, or Massey Energy Company, now known as Alpha Appalachia, and have indicated that they will continue trespassing on such properties.   Id., ¶ 7.   Permanent injunctive relief is particularly appropriate under such circumstances, as explained by the Fourth Circuit in Swan Island Club, Inc. v. Ansell:

> [I]t is thoroughly well established that equity does have jurisdiction to restrain repeated and continuing trespasses . . . .  An action for damages is . . . an ineffectual remedy against continuing trespasses, and where one or more persons continually violate or threaten to violate the owner's rights there is such a failure of remedy at law that the equitable jurisdiction of the court may be invoked, and further trespassing enjoined. . . .   An injunction will not necessarily be denied because the trespasser is solvent and able to pay any damage which may be recovered against him for his trespass. . . .   The prevention of a multiplicity of trespass actions also forms sufficient ground for equitable relief.

51 F.2d 337, 339-40 (4th Cir. 1931); see also Lucy Webb Hayes Natl. Training School for Deaconesses and Missionaries v. Geoghegan, 281 F. Supp. 116, 117 (D.D.C. 1967) ("[E]quity will enjoin a continuing trespass or a series of repeated trespasses where an action for damages would not be an adequate remedy."); Wiles v. Wiles, 58 S.E.2d 601, 607 (W. Va. 1950) ("[W]here acts of trespass are constantly recurring and the resultant injury from each separate act is trifling and the damages recoverable for each act would be very small in comparison with the expense necessary in the prosecution of separate actions at law, relief in equity will be granted because of the inadequacy of the legal remedy.").

17.    Third, the equities of the instant case tip heavily in favor of Marfork.  Order Granting Preliminary Injunction, ¶ 12.  When "balancing the hardships," Defendants will suffer no harm if permanent injunctive relief is granted: they have no recognized legal right to enter or legal interest in entering onto Marfork's mining properties or the mining properties of other direct or indirect subsidiaries or affiliates of Appalachia Holding or Alpha Appalachia, and they (and their "agents") will simply be prevented from committing further unlawful trespasses in the future.  Id., ¶ 12.  On the other hand, if such relief is not granted, Marfork and other direct or indirect subsidiaries or affiliates of Appalachia Holding or Alpha Appalachia (and their successors and assigns as set forth below) would be harmed because their legal rights to exclusive possession of land would be under constant attack from continued trespasses and

employees and contractors would have to constantly fear and protect against such trespasses. Id.,
¶¶ 7-12.

18.    Lastly, the public interest would be served, not disserved, by a permanent
injunction. Id., ¶ 12. The safety of employees and contract personnel is at stake here and with
respect to future threatened trespasses. Id., ¶ 9. An operational surface mine is by no means the
proper environment for untrained persons to wander freely and climb trees. Without permanent
injunctive relief, employees and contract personnel will be distracted from their job duties by the
possibility of random acts of trespassers in random areas on the mining properties, creating
operational safety problems. Everyone concerned, even Defendants and those acting on their
behalf, would be safer if prohibited from entering Marfork's mining properties, including but not
limited to the Beetree Surface Mine, and the mining properties of other direct or indirect
subsidiaries or affiliates of Appalachia Holding or Alpha Appalachia. Id., ¶ 9. Thus, all four
elements necessary for the granting of permanent injunctive relief have been met.

19.    The actions of Defendants and other persons in active concert or participation
with them were targeted at Marfork, at least in part, because it was a direct or indirect subsidiary
or affiliate of A.T. Massey Coal Company, Inc., now known as Appalachia Holding, or Massey
Energy Company, now known as Alpha Appalachia, and, accordingly, their actions were
directed to and caused irreparable harm to A.T. Massey Coal Company, Inc., now known as
Appalachia Holding, and Massey Energy Company, now known as Alpha Appalachia. In fact,
the actions of Defendants and other persons in active concert or participation with them were
part of a larger campaign directed at A.T. Massey Coal Company, Inc., now known as
Appalachia Holding, and Massey Energy Company, now known as Alpha Appalachia, and their
direct or indirect subsidiaries and affiliates, such that the broad interests and rights of Appalachia

Holding and Alpha Appalachia and their direct or indirect subsidiaries and affiliates (and their successors and assigns as set forth below) must be protected from irreparable harm attendant to future trespasses, in the same way that Marfork's interests and rights must be protected from this same irreparable harm.

20.    In the absence of such a Permanent Injunction, Marfork and the other direct or indirect subsidiaries and affiliates of Appalachia Holding or Alpha Appalachia (and their successors and assigns as set forth below) will be irreparably harmed by the continued tortious and unlawful conduct, as well as the continuing threatened tortious and unlawful conduct, described herein.

21.    To gain protection from future trespasses on its mining property and the mining properties of other direct or indirect subsidiaries or affiliates of Appalachia Holding or Alpha Appalachia (and their successors and assigns as set forth below), Marfork is willing to agree, and hereby agrees, to forego a recovery of its quantifiable economic damages caused by Defendants' unlawful trespass and other actions of January 21 to 29, 2010, and to forego any claims against Defendants for punitive damages herein, in exchange for the agreement of each of the Defendants, which is hereby given, (a) to comply with the terms of this Permanent Injunction, including but not limited to refraining from future trespasses on Marfork's mining properties, including but not limited to the Beetree Surface Mine, and the mining properties of other direct or indirect subsidiaries or affiliates of Appalachia Holding or Alpha Appalachia (and their successors and assigns as more fully set forth below), and (b) to pay (i) to Marfork or its successors and assigns the amount of $10,000.00, per violation, as stipulated damages relating to Defendants' January 21 to 29, 2010 trespass on Marfork's Beetree Surface Mine property, in the event that any individual defendant ever violates the terms of this Permanent Injunction and is

found by this Court to be in contempt, and (ii) to any entity protected by this Permanent Injunction whose rights and interests are harmed by any such violation any amount of compensatory damages, civil penalties, and attorneys' fees and expenses this Court might assess against such individual defendant for each such violation and finding of contempt.

22.     Each of the Defendants, to avoid joint and several liability to Marfork for its quantifiable economic damages and to further avoid liability for punitive damages to Marfork, is willing to agree, and hereby agrees, to the following:

(a)     to comply with the terms of this Permanent Injunction, including but not limited to refraining from future trespasses on Marfork's mining properties, including but not limited to the Beetree Surface Mine, and the mining properties of other direct or indirect subsidiaries or affiliates of Appalachia Holding or Alpha Appalachia (and their successors and assigns as more fully set forth below); and

(b)     to pay (i) to Marfork or its successors or assigns, and to consent to this Court ordering them to pay Marfork or its successors or assigns, the amount of $10,000.00, per violation, as stipulated damages relating to Defendants' January 21 to 29, 2010 trespass on Marfork's Beetree Surface Mine property, in the event that such individual defendant ever violates the terms of this Permanent Injunction and is found by this Court to be in contempt, and (ii) to any entity protected by this Permanent Injunction whose rights and interests are harmed by any such violation any amount of compensatory damages, civil penalties, and attorneys' fees and expenses this Court might assess against such individual defendant for each such violation and finding of contempt.

23.     Counsel for Defendants have represented to this Court that each of the Defendants fully understands the import of the stipulated damages portion of this Permanent Injunction and

that each of the Defendants understands and acknowledges that (a) the stipulated damages portion of this Permanent Injunction is reasonable, appropriate, and in his or her best interests, (b) the stipulated damages portion of this Permanent Injunction precludes him or her, in the future, from raising any defense to an award of the stipulated damages amount in the event he or she violates any of the terms of this Permanent Injunction and this Court finds him or her to be in contempt, (c) in the event of a violation of any of the terms of this Permanent Injunction and this Court finds him or her to be in contempt, this Court shall order him or her to pay (i) to Marfork or its successors or assigns the stipulated damages amount of $10,000.00, per violation, and (ii) in addition to an order requiring each such defendant to pay to Marfork or its successors or assigns the stipulated damages amount of $10,000.00, per violation, to any entity protected by this Permanent Injunction whose rights or interests are harmed by any such violation any amount of compensatory damages, civil penalties, and attorneys' fees and expenses the Court might assess for each such violation and finding of contempt.

Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

Defendants, and their officers, agents, servants, employees, and attorneys, and those other persons who are in active concert or participation with Defendants (or their officers, agents, servants, employees, or attorneys) who receive actual notice of this Permanent Injunction by personal service or otherwise, are hereby forever restrained and enjoined from doing, or causing to be done, the following:

(a)     Trespassing or otherwise congregating on any of the mining properties of Marfork, any of the mining properties of any other direct or indirect subsidiary or affiliate of Appalachia Holding or Alpha Appalachia, and any of the mining properties of any successors or assigns of any rights or interests of Marfork, Appalachia Holding, Alpha Appalachia or any of

their respective various direct or indirect subsidiaries and affiliates, in the following counties of West Virginia:  Boone, Cabell, Clay, Fayette, Greenbrier, Jackson, Kanawha, Lincoln, Logan, Mason, Mercer, Mingo, Monroe, McDowell, Nicholas, Putnam, Summers, Raleigh, Roane, Wayne, Wirt, Wood, and Wyoming; and

      (b)    Interfering, obstructing, blocking, impeding, or tampering with any coal operating equipment, trucks, or other vehicles of Marfork, any other direct or indirect subsidiary or affiliate of Appalachia Holding or Alpha Appalachia, and any successors or assigns to any rights or interests of Marfork, Appalachia Holding, Alpha Appalachia or any of their respective various direct or indirect subsidiaries and affiliates, in the following counties of West Virginia: Boone, Cabell, Clay, Fayette, Greenbrier, Jackson, Kanawha, Lincoln, Logan, Mason, Mercer, Mingo, Monroe, McDowell, Nicholas, Putnam, Summers, Raleigh, Roane, Wayne, Wirt, Wood, and Wyoming.

It is further **ORDERED** that copies of this Order shall be posted in conspicuous places at or about the entrances to the subject mining properties in the aforementioned counties and/or on the roads leading to said properties, and such posting thereof shall be *prima facie* evidence of due notice to Defendants, and to their officers, agents, servants, employees, and attorneys, and to those other persons who are in active concert or participation with Defendants (or their officers, agents, servants, employees, or attorneys), of the applicability of this Order to those properties.

It is further **ORDERED** that, upon a finding of contempt for a future violation of this Permanent Injunction by any of the above-named Defendants, or by their officers, agents, servants, employees, or attorneys, or by those other persons who are in active concert or participation with Defendants (or their officers, agents, servants, employees, or attorneys) who receive actual notice of this Permanent Injunction by personal service or otherwise:

(a)     such Defendant and/or contemnor may be liable for compensatory damages, civil penalties, and attorneys' fees and expenses for each violation of this Order, to be determined by this Court, payable to Marfork or the appropriate direct or indirect subsidiary or affiliate of Appalachia Holding or Alpha Appalachia or any successors or assigns of any rights or interests of Marfork, Appalachia Holding, Alpha Appalachia or any of their respective various direct or indirect subsidiaries and affiliates; and

(b)     such Defendant shall pay to Marfork or its successors or assigns the stipulated amount of $10,000.00, per violation, as his or her portion of the quantifiable economic damages caused by Defendants in connection with the January 21 to 29, 2010 trespass on Marfork's Beetree Surface Mine, and such Defendant shall have no defense to payment of the stipulated damages amount (except to contend that he or she did not violate this Permanent Injunction), in addition to any compensatory damages, civil penalties, and attorneys' fees and expenses that may be assessed against him or her by this Court pursuant to sub-part (a) immediately above .

This Permanent Injunction and all of its terms and provisions shall be binding upon, and shall inure to the benefit of, all parties, as well as Appalachia Holding and Alpha Appalachia, and to any of their respective successors and assigns.

This Permanent Injunction shall take effect immediately.

The bond Marfork has filed with the Clerk of the United States District Court for the Southern District of West Virginia, Beckley Division, with the approved security and a penalty of at least the sum of $100,000.00, conditioned to pay all costs and damages which may have been incurred or sustained by Defendants by reason of a later determination that they were wrongly enjoined or restrained by this Court's Temporary Restraining Order and/or Preliminary Injunction Order, shall be released and returned to Marfork, and all Defendants have

acknowledged and agreed that they were not wrongly enjoined or restrained by the earlier Orders of this Court.

Issued this 13th day of ___June___, 2011 at _____ _____.m.

The Clerk is instructed to send a certified copy of this Order on all counsel of record.

**ENTERED:**

_Irene C. Berger_
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

**AGREED TO AND PRESENTED JOINTLY BY:**

_Samuel M. Brock_
Spilman, Thomas & Battle, PLLC
Samuel M. Brock III (WV Bar No. 9216)
Patrick R. Barry (WV Bar No. 11064)
300 Kanawha Boulevard, East
Charleston, WV 25301
Tel: 304.340.3800
Fax: 304.340.3801
sbrock@spilmanlaw.com
amccallister@spilmanlaw.com
pbarry@spilmanlaw.com

_Counsel for Plaintiff Marfork Coal Company, Inc._

and

*Thomas A. Rist*

Roger D. Forman, Esquire
Law Offices of Roger D. Forman, L.C.
100 Capitol Street, Suite 400
Charleston, WV  25301

Thomas Rist, Esquire
137 ½ Main Street
Oak Hill, WV  25901

David Dawson, Esquire
Dawson Law Office
P. O. Box 11044
Charleston, WV  25339

Terry J. Lodge, Esquire
316 N. Michigan Street, Suite 520
Toledo, OH  43604-5627

*Counsel for Defendants*